STATE EX REL. SKELLY OIL COMPANY and others, Appellants. V. COMMON COUNCIL, CITY OF DELAFIELD, Respondent.*

*No. 320. Argued May 1, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 585.)

---

* Motion for rehearing denied, with costs, on September 10, 1973.

698

For the appellants there was a brief by *Zafis, Rummel & Cahill* and *A. J. Zafis,* all of Oconomowoc, and oral argument by *A. J. Zafis.*

For the respondent there was a brief by *Lowry, Hunter & Tikalsky* and *Thomas E. Anderson,* all of Waukesha, and oral argument by *Mr. Anderson.*

HANLEY, J. Three issues are presented on this appeal.

1. May the common council of a city properly retain the power to pass on whether conditional uses will be granted;

2. Was the denial of the conditional use invalid because two of the voting members of the plan commission also took part and voted in the review by the common council; and

3. Did certain of the procedures followed by the plan commission and common council deny petitioners a fair hearing?

*Retention of power by common council.*

The Delafield zoning ordinances provide that no use of a building or premises classified as a conditional use shall be undertaken without the prior approval of the plan commission. Any person aggrieved by any decision of the plan commission may appeal to the Delafield common council for a review within six days following the filing of the decision by the plan commission, and if no such appeal is taken within that time, the decision of the plan commission shall become final.

Although Delafield has a board of zoning appeals as is required of a city which has enacted a zoning ordinance,[1] it took no part in the proceedings leading to the ultimate denial of petitioners' application for a conditional use by the common council.

The thrust of the petitioners' argument is that the board of zoning appeals by statute is the proper body to make determinations concerning whether a conditional use should be granted, and not the common council. Sec. 62.23 (7) (e), Stats., provides that:

"(e) *Board of appeals.* 1. *The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment* of a board of appeals, and shall provide in such regulations that said board of appeals may, in appropriate cases and subject to appropriate conditions and safeguards, *make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained."* (Emphasis added.)

Petitioners contend that the language of the statute that each ordinance "shall provide" legally excludes the council from retaining the final authority over whether such special exceptions should be granted.

Conditional uses or as they are sometimes referred to, special exception uses,[2] enjoy acceptance as a valid and successful tool of municipal planning on virtually a universal scale.[3] Conditional uses have been used in zoning

[1] *Village of Wind Point v. Halverson* (1968), 38 Wis. 2d 1, 155 N. W. 2d 654.

[2] 2 Rathkopf, *The Law of Zoning and Planning* (1968), p. 54–1, indicates that while both terms are commonly used, "conditional use" is the more appropriate of the two, since there is no actual "exception" to the provisions of an ordinance in allowing such use.

[3] 8 McQuillin, *Municipal Corporations* (3d ed., 1965), p. 508, sec. 25.159.

ordinances as flexibility devices, which are designed to cope with situations where a particular use, although not inherently inconsistent with the use classification of a particular zone, may well create special problems and hazards if allowed to develop and locate as a matter of right in a particular zone. The Supreme Court of Minnesota in the case of *Zylka v. Crystal* (1969), 283 Minn. 192, 195, 167 N. W. 2d 45, most aptly described this flexibility:

". . . By this device, certain uses (e.g., gasoline service stations, electric substations, hospitals, schools, churches, country clubs, and the like) which may be considered essentially desirable to the community, but which should not be authorized generally in a particular zone because of considerations such as current and anticipated traffic congestion, population density, noise, effect on adjoining land values, or other considerations involving public health, safety, or general welfare, may be permitted upon a proposed site depending upon the facts and circumstances of the particular case." 16 N. W. 2d at page 49.

While a variance authorizes a particular property owner to use his property in a manner which is *prohibited by the ordinance* when not to be able to do so would be a hardship, *State ex rel. Schleck v. Zoning Board of Appeals* (1948), 254 Wis. 42, 35 N. W. 2d 312, a conditional use ". . . allows him to put his property to a use which the ordinance expressly permits" when certain conditions have been met.[4]

In *Village of Wind Point v. Halverson, supra,* at page 6, this court, in referring to sec. 62.23 (7) (e), Stats., stated:

"It is undisputed that the village board in Wind Point has not provided for the establishment and *appointment*

---

[4] Rathkopf, *supra* (fn. 3), at page 54-4.

*of a board of appeals, empowered to grant variances, make special exceptions and provide a forum for initial hearings* on requests for adjustment of zoning regulations." (Emphasis added.)

It is quite clear that the board of zoning appeals is authorized by statute to grant special exceptions—or that is to say—conditional uses. The city of Delafield concedes that sec. 62.23 (7) (e), Stats., does give authority to the board of zoning appeals to hear and grant "special exceptions." However, it contends that the broad grant of zoning power contained in sec. 62.23 (7) (a) is sufficient authority for the council to act. Several cases from other jurisdictions which have considered this question hold to the contrary.

The Supreme Court of Iowa in the case of *City of Des Moines v. Lohner* (Iowa, 1969), 168 N. W. 2d 779, construed their statute requiring the council to provide for the appointment of a board of adjustment and that the board in ". . . appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinances in harmony with its general purpose and intent . . ." to designate the board of adjustment as the exclusive body to pass upon such matters, thereby holding the appellate review by the common council in that case to be unlawful. In the case of *Gallagher v. Board of Appeals of Falmouth* (1966), 351 Mass. 410, 221 N. E. 2d 756, the court there sustained the retention by the local legislative body of the power to grant special use permits where the statutes provided such power could be exercised by either the "board of appeals" *or* the "city council."

Likewise, in *Green Point Savings Bank v. Zoning Appeals Board* (1939), 281 N. Y. 534, 24 N. E. 2d 319, the New York court permitted the council to grant special exceptions where the state statute only prescribed that the board of appeals was to act on variances.

We think that sec. 62.23 (7) (e), Stats., vests exclusive authority in the board of zoning appeals to pass upon conditional uses or special exceptions.

In making our ruling, we are mindful of the fact that while the retention of this authority by the city plan commission and the common council was in direct derrogation of state law, it may well be that such procedure might be better suited to the complicated task of providing for effective city planning.

The merits of having the city plan commission and the common council pass on conditional uses is emphasized in Cutler, *Zoning Law and Practice in Wisconsin,* p. 37, sec. 11, where it is stated:

"In Wisconsin and elsewhere, it is more current usage for flexibility in the legislative provisions of the zoning ordinance to be accomplished by authorizing the planning commission or the elected governing body, rather than the board of zoning appeals, to determine whether a certain proposed use is consistent with the standards established in the ordinance. *The reason for this more frequent reliance upon the plan commission or elected body is that they are continuously involved in the process of recommending legislative changes in the zoning ordinance and therefore more apt to be conversant with the 'purpose and intent' of the ordinance than the board of zoning appeals whose primary function is the quasi judicial one of granting variances from the express terms of the ordinance* because hardship exists, rather than that such a deviation is explicitly authorized in the ordinance if certain standards are determined to have been met." (Emphasis added.)

Regardless of the potential merits of such procedure, this court cannot amend the statute. Consequently, the judgment of the circuit court is reversed and the petitioners should seek their special exceptions from the board of zoning appeals. Because the judgment is reversed, we do not reach the remaining issues.

*By the Court.*—Judgment reversed.