TOWN OF RICHMOND, Respondent, v. MURDOCK, d/b/a Kentwood Farm, Appellant.

*No. 132 (1974). Argued October 28, 1975.—Decided November 25, 1975.*

(Also reported in 235 N. W. 2d 497.)

For the appellant there was a brief and oral argument by *H. Keith Schoff* of Madison.

For the respondent there was a brief by *Daniel F. Aschenbrener* and *Aschenbrener & Koenig,* all of Shawano, and oral argument by *Daniel F. Aschenbrener.*

ROBERT W. HANSEN, J. As at a cornhusking bee, some shucking needs to be done in this case to get down to the major issues presented by this appeal. So we begin by discussing and discarding the general claim of constitutional infirmity in any town in this state providing for conditional use permits as to a commercial operation in an area zoned agricultural.

*Free speech.* Appellant contends that the prohibition without use permit of his skeet-shooting range operation is "an abridgement of the right of free speech and of assembly."[1] As to free speech, while more than verbal or written communication may be involved, we do not see how running the range or pulling the trigger comes within a country mile of the constitutional protection. As to the right of assembly, the operation of a commercial enterprise for profit, contrary to a zoning ordinance, comes no closer to the right spelled out and protected.

*Equal protection.* Appellant's claim of denial of equal protection apparently rests on the claim that the ordinance was enforced, or perhaps applicable, only to him. If a classification or category in a zoning ordinance is reasonable, it makes no difference that only one person or enterprise happens to come within such classification. Even if the proof were, and here it is not, that the town enforced the ordinance in this instance, and not in others, this would not in itself establish a violation of the equal protection clause of the fourteenth amendment.[2]

---

[1] *See:* Amendment I, U. S. Const. *See also:* Wis. Const., art. I, secs. 3 and 4.

[2] *State ex rel. Cities Service Oil Co. v. Board of Appeals* (1963), 21 Wis. 2d 516, 544, 124 N. W. 2d 809, this court holding: "Even if there had been evidence that the city itself had enforced the ordinance in one instance and not in others, this would not in itself

*Due process.* Appellant's claim is that the zoning ordinance, as amended, is an interference and a deprivation of constitutional privileges and immunities ". . . imposed without due process of law, specifically substantive due process as required by the fourteenth amendment."[3] We have searched the record to find any reasonable basis for such claim of denial of due process. We have gone through appellant's brief for authority for the claim of applicability of due process to this situation. We find neither basis in fact nor authority in law for the contention made.

*Police power.* Appellant's claim is that by requiring a restrictive permit for the operation of his recreational enterprise, the ordinance exceeds the police power of the state, and the delegation of zoning power under the statute,[4] ". . . the two being substantially co-ordinate in extent. . . ."[5] Both the constitutional and statutory power to zone are broad, not narrow,[6] and include the

establish a violation of the equal-protection-of-the-laws clause of the Fourteenth amendment."

[3] Appellant's Brief, page 9.

[4] Sec. 60.74 (1) (a) 1, Stats., providing that, in any county which has not adopted a county zoning ordinance, any town may by ordinance: "1. Regulate, restrict and determine the areas within which agriculture, forestry and recreation may be conducted, the location of roads, schools, trades and industries, the location, height, bulk, number of stories and size of buildings and other structures, the percentage of lot which may be occupied, size of yards, courts and other open spaces, the density and distribution of population, and the location of buildings designed for specified uses, and establish districts of such number, shape and area as may be necessary for such purposes; . . ."

[5] Appellant's Brief, page 11.

[6] *State ex rel. American Oil Co. v. Bessent* (1965), 27 Wis. 2d 537, 545, 135 N. W. 2d 317, our court holding: "The early concept that the exclusion of a business from an area needed a basis akin to a nuisance has been abandoned, . . . nor is the police power in respect to comprehensive zoning to be exercised only in cases of absolute necessity. The concept of public welfare is broad and in-

right to use conditional use permits,[7] with control of noise specifically held to be a proper consideration or factor in requiring a conditional use permit.[8] Neither constitutional nor statutory powers were here exceeded.

With the constitutional challenges to the right of any town to provide for conditional use permits as to commercial recreational operations in an agricultural district thus rejected, we turn to the claim that this ordinance in this case is unconstitutionally vague. In part, this is an attack on sections of the ordinance relating to residential, commercial and industrial zoning areas, not here involved. Appellant has no standing to raise these matters since they do not affect his rights.[9] As to the

clusive and embraces in comprehensive zoning the orderliness of community growth, land value, and aesthetic objectives."

[7] *State ex rel. Skelly Oil Co. v. Common Council* (1973), 58 Wis. 2d 695, 700, 701, 207 N. W. 2d 585, our court holding: "Conditional uses or as they are sometimes referred to, special exception uses, enjoy acceptance as a valid and successful tool of municipal planning on virtually a universal scale. Conditional uses have been used in zoning ordinances as flexibility devices, which are designed to cope with situations where a particular use, although not inherently inconsistent with the use classification of a particular zone, may well create special problems and hazards if allowed to develop and locate as a matter of right in a particular zone."

[8] *Id.* at page 701, this court holding: "'By this device, certain uses (e.g., gasoline service stations, electric substations, hospitals, schools, churches, country clubs, and the like) which may be considered essentially desirable to the community, but which should not be authorized generally in a particular zone because of considerations such as current and anticipated traffic congestion, population density, *noise*, effect on adjoining land values, or other considerations involving public health, safety, or general welfare, may be permitted upon a proposed site depending upon the facts and circumstances of the particular case.'" (Quoting with approval from *Zylka v. Crystal* (1969), 283 Minn. 192, 195, 167 N. W. 2d 45.) (Emphasis supplied.)

[9] *Schmidt v. Local Affairs & Development Dept.* (1968), 39 Wis. 2d 46, 60, 61, 158 N. W. 2d 306, this court holding: " 'It is familiar Wisconsin law that a party may not urge the unconstitutionality

claim of vagueness in provisions dealing with agricultural areas, and conditional use permits, the ordinance lists with considerable and commendable particularity the uses of land covered and provided for.

Appellant also contends that there are not, in the zoning ordinance as amended, adequate guidelines for the issuance of conditional use permits. After setting forth the purposes of the ordinance, the zoning ordinance (Ordinance No. 20) provides in sec. 1: "The provisions of this ordinance shall be held to be minimum requirements adopted to promote the health, safety, morals, comfort, prosperity and general welfare of the Town of Richmond . . . ." As to the issuance of conditional use permits, Amendment No. 6 provides that an application for a conditional use should be made on a form provided by the town clerk. The form shall "show the Applicant's Name, Address, Description of the property to which the conditional use is to be extended, and shall provide such other information as the Town Board may deem necessary to establish the applicant's need and intent for a conditional use." The application must also contain a legal description of the property involved.

Our court has recognized that in zoning matters of the type before us, the town board or city council is "faced with the practical difficulty of defining with precision in advance the conditions under which permits shall be granted."[10] What is to be avoided is the exercise of

of a statute upon a point not affecting his rights.'" (Quoting from *Scharping v. Johnson* (1966), 32 Wis. 2d 383, 395, 145 N. W. 2d 691.)

[10] *Lerner v. Delavan* (1930), 203 Wis. 32, 37, 233 N. W. 608. *See also: Wadhams Oil Co. v. Delavan* (1932), 208 Wis. 578, 243 N. W. 224, upholding an ordinance which required permits for gasoline service stations and related businesses in designated areas.

purely arbitrary power.[11] Thus, where the "location and plan of operation" was required to be submitted to the city council, an exceptional or conditional use permit requirement was held sufficient as to the operation of a sand and gravel pit in an agricultural area.[12] Likewise, in a most recent case in this state on the subject, where the "location and plan of operation" of the use of the land was required to be submitted to and approved by a planning commission, a conditional use permit requirement as to gasoline service stations in a zoned district was upheld.[13] With Amendment No. 6 requiring a description of the property to which the conditional use is to be extended, and providing that the town board may require such other information from the applicant "as

[11] *Juneau v. Badger Co-operative Oil Co.* (1938), 227 Wis. 620, 625, 279 N. W. 666, this court finding "no standard whatever either provided or indicated," and holding an ordinance involving bulk oil and gasoline service stations to be invalid, stating: "The ordinance purports to authorize the exercise of purely arbitrary power, and is therefore void." *See also: Hobart v. Collier* (1958), 3 Wis. 2d 182, 87 N. W. 2d 868, where the zoning ordinance declared the entire town to be zoned residential. *See also: State ex rel. Humble Oil & Refining Co. v. Wahner* (1964), 25 Wis. 2d 1, 130 N. W. 2d 304, finding guidelines inadequate where the only criteria suggested were that, in interpreting and applying the ordinance, the town board of appeals was to be held to " 'the minimum requirements for the promotion of the public health, safety, convenience, prosperity or general welfare.' "

[12] *Smith v. Brookfield* (1956), 272 Wis. 1, 8, 74 N. W. 2d 770, this court holding: "The phrase itself is very broad, and necessarily so, since the facts in one application may vary greatly from the facts in another, and obviously it would be impossible for the framers of the ordinance to anticipate all the possible details which might be involved in the different uses enumerated therein."

[13] *State ex rel. American Oil Co. v. Bessent, supra,* footnote 6, this court stating at page 551: "The purpose of submitting the location and plan of operation is to furnish sufficient data to the planning commission for its determination that the proposed building or land use by the applicant does not defeat the purposes and the objectives of the zoning plan by a permitted use."

the Town Board may deem necessary to establish the applicant's need and intent for a conditional use," we hold the guidelines or criteria for issuance of a conditional use permit to be adequate or sufficient.

Appellant, additionally, claims that his operation of the skeet-shooting ranges is a nonconforming use,[14] and that, if it is not, the town board is estopped from denying that his use of the land is a nonconforming use.[15] Appellant concedes that his commercial skeet-shooting ranges went into operation after the zoning ordinance was adopted but contends, that, before Amendment No. 6 was adopted, his use of the land for the ranges was permitted by the ordinance as a "public recreational and community center building and grounds."[16] Such community center use was permitted under the ordinance in residential and agricultural zone areas. The appellant's shooting range was open to the public, or, at least, that portion of the public willing to pay a fee to use the facilities. But the reference in the ordinance goes beyond such being open for a commercial purpose to the public. A tavern or dance hall may serve a recreational or community center function, but that does not mean that it qualifies as a "public recreational and community center building and grounds," as referred to in this zoning ordinance. Neither

[14] *See: Walworth County v. Hartwell* (1974), 62 Wis. 2d 57, 60, 214 N. W. 2d 288, defining a nonconforming use to be: "A nonconforming use is an active and actual use of land and buildings which existed prior to the commencement of the zoning ordinance and which has continued in the same or a related use until the present."

[15] *See: City of Milwaukee v. Milwaukee County* (1965), 27 Wis. 2d 53, 66, 133 N. W. 2d 393, this court holding: "In Wisconsin a municipal body is not immune from the application of the doctrine of estoppel and it makes no difference whether the activities are governmental, as here, or proprietary."

[16] Under Ordinance No. 20, sec. 4, No. 2, "public recreational and community center building and grounds" are permitted uses in residential districts. Under sec. 5, No. 1, any use permitted in a residential district is permitted in an agricultural district.

does a skeet-shooting range, operated for profit as a commercial enterprise by a private owner. The reference is to building and grounds used solely for a public purpose, not to commercial businesses open to the public. It follows that the trial court was entirely correct in holding that Amendment No. 6 "was passed, in part at least, for the benefit of the defendant." Without it there was no way for the skeet-shooting range to operate under the ordinance in an agricultural area.

As to the claim that the town board is here estopped, the appellant appears to rely on his testimony that, in the late spring or early summer of 1967, he and his brother were told by the town board that "nothing in the ordinance" (No. 20) prohibited his planned use of the land. However, there was nothing in the town board minutes to support this contention, and the trial court specifically found that the evidence does not support the contention that such statement was made by the town board. Additionally, there is the claim that, at a town board meeting where a neighbor had gone to complain of the skeet-shooting noise, such neighbor was told that there was no ordinance to cover skeet shooting. Without stating that such statement would, at such time and under such circumstances, be sufficient to create estoppel, we note that there is no evidence that the defendant was at such meeting. Defendant testified that he did not know whether or not he was present. Actually the evidence here is that the defendant was told, before Amendment No. 6 was passed, that his commercial enterprise was not in compliance with the zoning ordinance. That the town board did not proceed against him then does not bar the town board from future enforcement of the ordinance.[17] Even if the facts were otherwise, appellant

[17] *Westgate Hotel, Inc. v. Krumbiegel* (1968), 39 Wis. 2d 108, 114, 158 N. W. 2d 362, this court holding: "It, however, is axiomatic that a law-enforcing body, when faced with the practical difficulties of enforcing all of its regulations at once, is not thereby

would confront the holding of this court that estoppel " 'will not lie against a municipality so as to bar it from enforcing an ordinance enacted pursuant to the police power.' "[18] The ordinance and amendment here are enactments made pursuant to the police power of the state as statutorily delegated to the town boards.

Rejecting each and all of the constitutional challenges to the zoning ordinance here involved, and finding that this appellant was not a nonconforming user and that the town board was not estopped from denying his status to be such, nothing remains except to affirm the conclusion reached by the trial court that the appellant was operating his commercial skeet-shooting range under a conditional use permit, the conditions of which he violated. We agree with the trial court that it follows that the conditional use permit granted this appellant is to be voided. The judgment of the trial court enjoining activities on appellant's premises of a commercial nature which are listed as conditional uses in sec. 5, Amendment No. 6, is affirmed.

*By the Court.*—Judgment affirmed.

barred from future enforcement of the law, especially, as in this case, when there has been substantial notice given."

[18] *Milwaukee v. Leavitt* (1966), 31 Wis. 2d 72, 76, 142 N. W. 2d 169, this court stating: "This court has often said that zoning ordinances, such as the one sought to be enforced in the instant case, are enacted pursuant to the police power of municipalities.

"While municipal and other government units are not wholly immune from application of the doctrine of equitable estoppel, this court is firmly committed to the principle that estoppel 'will not lie against a municipality so as to bar it from enforcing an ordinance enacted pursuant to the police power.' " (Quoting *Milwaukee v. Milwaukee Amusement, Inc.* (1964), 22 Wis. 2d 240, 253, 125 N. W. 2d 625.)