135 Wis.2d 195 (1986)
400 N.W.2d 15
WISCONSIN DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant,
v.
OFFICE OF the COMMISSIONER OF TRANSPORTATION, Defendant-Respondent,
James L. GUTSCHENRITTER, d/b/a Gutschenritter Welding, Intervenor.[]
No. 85-1559.
Court of Appeals of Wisconsin.
Submitted on briefs September 4, 1986.
Decided November 6, 1986.
*197 For the plaintiff-appellant the cause was submitted on the briefs of Bronson C. La Follette, attorney general, and Arnold J. Wightman, assistant attorney general.
For the defendant-respondent the cause was submitted on the brief of Thomas W. Harnisch, of Whyte & Hirschboeck, S.C. of Madison.
Before Dykman, J., Eich, J., and Sundby, J.
FICH, J.
The Wisconsin Department of Transportation appeals from a judgment affirming an order of the Commissioner of Transportation. The commissioner reversed the department's denial of James L. Gutschenritter's application for permits to maintain two outdoor advertising signs. The sole issue is whether a "Highway Use District" as described in the Dodge County zoning ordinance may be considered a "`business area' ... zoned for business, industrial, or commercial activities," and thus a permissible area for the erection of outdoor signs under secs. 84.30(2)(b) and (3)(e), Stats. We answer the question in the affirmative and affirm the judgment.
The case was submitted on stipulated facts. Gutschenritter operates a welding and repair business in Dodge County, immediately north of the intersection of Highway 60 and Goodland Road. In 1984 he applied to the department for permits to place two signs along Highway 60 to advertise his business. The area is zoned as a "Highway Use District" under the Dodge County zoning ordinance, and the county zoning committee approved erection of the signs.
The department denied the permits on grounds that the area is not a "business area" within the meaning of sec. 84.30(2)(b), Stats. The Dodge County ordinance defines "Highway Use District" as follows:

*198 Highway Use District

Permitted Uses and Structures
Uses permitted in the residential and agricultural district.
. . .
Conditional Uses and Structures
Uses permitted in extensive commercial and industrial districts: planned unit developments, duplexes, arts and crafts shops, veterinary clinics, and churches. [Footnotes omitted.]
Gutschenritter sought review of the department's decision by the Commissioner of Transportation pursuant to sec. 84.30(18), Stats. The case was submitted on stipulated facts and the commissioner reversed the department's decision, concluding that the conditional uses permitted by the ordinance were sufficient to make the "Highway Use District" a "business area" within the meaning of sec. 84.30(2)(b). The department petitioned the circuit court for judicial review, and the court affirmed the commissioner's decision.
On appeal, our task is to determine whether the commissioner's decision is correct, and we owe no deference to the circuit court. Hemstock Concrete Products v. LIRC, 127 Wis. 2d 437, 439, 380 N.W.2d 387, 389 (Ct. App. 1985). The application of a statute to a particular set of facts is a question of law. Bucyrus-Erie Co. v. ILHR Department, 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146-47 (1979). Normally, we decide such questions independently, without deference to the administrative agency's decision. American Motors Corp. v. ILHR Dept., 101 Wis. 2d 337, 353-54, 305 N.W.2d 62, 70 (1981). Here, however, the commissioner is the final *199 decisionmaking authority in the agency charged with administration of the federal highway beautification program. As such, his decisions in this area are so inter-twined with value and policy determinations that they are entitled to deference by the courts. Nottelson v. ILHR Department, 94 Wis. 2d 106, 116-17, 287 N.W.2d 763, 768 (1980).
Section 84.30, Stats., was enacted to conform with the federal policy controlling the erection of outdoor signs adjacent to the national system of interstate and defense highways. Section 84.30(1). To that end, sec. 84.30(12) directs the department to adhere to the requirements of the Highway Beautification Act of 1965, 23 U.S.C. sec. 131 (1982), as amended. Enacted pursuant to that act, 23 C.F.R. sec. 750.708(d) (1986) states that: "A zone on which limited commercial or industrial activities are permitted as an incident to other primary land uses is not considered to be a commercial or industrial zone for outdoor advertising control purposes."
Relying on the federal regulation, the department argues that the conditional uses permitted in the county's "Highway Use District" should not be considered in determining whether the zone is a "business area" in the statutory sense. It contends that the conditional uses in the ordinance are merely incidental to the primary residential and agricultural uses and thus are not relevant to any determination of whether the area is zoned for business, commercial, or industrial activities.
The department's argument is based on a misconception of the term "conditional use." A conditional use is not a variance; it is a use expressly permitted by an ordinance as long as certain conditions are met. State ex *200 rel. Skelly Oil Co. v. Common Council, 58 Wis. 2d 695, 701, 207 N.W.2d 585, 587 (1973). It is not inconsistent with other uses in the zone, although it may present special problems if allowed to develop as a matter of right. A conditional use is merely a device to permit a degree of flexibility in controlling permitted development within a zone. Id. at 700-01, 207 N.W.2d at 587. It is not subordinante to primary uses. It is itself a primary use and may be considered in determining whether the zone in question is a "business area."
The department points out, and we agree, that the ordinance, on its face, allows only a limited number of "uses permitted in extensive commercial and industrial districts" in the zone, notably planned unit developments, duplexes, arts and crafts shops, veterinary clinics, and churches. Arts and crafts shops and veterinary clinics, however, are commercial enterprises. As indicated, the prefatory language of the ordinance describes them as uses permitted in commercial and industrial districts. We conclude, therefore, that the highway use district is considered a "`business area' ... zoned for business, industrial, or commercial activities" within the meaning of sec. 84.30(2)(b), Stats.
The department's final argument is that the commissioner's decision will frustrate the purposes of state and federal laws designed to promote beauty and highway safety because local authorities will be able to zone land adjacent to federal highways as they wish. While we share this concern, the potential conflict is inherent in the statutes themselves, and it is for the legislature, not the courts, to make such policy choices.
In relevant part 23 U.S.C. sec. 131(d) (1982) states: "The States shall have full authority under their own *201 zoning laws to zone areas for commercial or industrial purposes, and the actions of the States in this regard will be accepted for purposes of this Act." The only federal restrictions on the states are found in 23 C.F.R. sec. 750.708 (1986), which requires that all zoning be undertaken pursuant to state zoning laws, that zoning action be part of a comprehensive plan and not primarily to permit outdoor advertising, and that a zone which permits limited commercial or industrial activities incident to other primary land uses may not be considered a commercial or industrial zone.
State law defines a "business area" as any area "zoned for business, industrial, or commercial activities" and requires that zoning be done pursuant to a state or local zoning ordinance or regulation. Sections 84.30(2)(b) and (1), Stats. Section 59.97(4)(a), Stats., grants the county the authority to zone for business and industry, and that authority is to be liberally construed. Section 59.97(13).
Absent a violation of 23 C.F.R. sec. 750.708 (1986), there is no present legal restriction on the broad authority of local governments to determine what areas shall be zoned commercial or industrial areas. While this may ultimately frustrate the purposes of the federal act, it is a problem which must be addressed in the legislative forum.
By the Court.Judgment affirmed.
NOTES
[] Petition to review denied.