NELSON, Respondent, vs. CADDO-TEXAS OIL LANDS COM-PANY, Appellant.

*December 14, 1921—March 14, 1922.*

*Corporations: Salary of officer: Waiver: Intent: Question for jury.*

1. A waiver is the voluntary relinquishment of a known right. Intent to waive is an essential element of waiver; and while such intent may be inferred as a matter of law from the conduct of the parties, it is to be determined as a question of fact where the inference does not conclusively arise as a matter of law.
2. In an action by the director of a corporation to recover a fixed salary, his intent to waive the same is, under the evidence, *held* to be a question of fact which was properly submitted to the jury, and the judgment rendered on the verdict of the jury negativing such intent cannot be disturbed.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Plaintiff was elected a director of the defendant corporation May 16, 1919. The corporation, by appropriate action, had fixed the salary of directors at $1,000 per year. The plaintiff served one year while the salary was so fixed. In May, 1920, the salary of directors was fixed at $10 for each week. Defendant continued to serve as a director until the month of June, 1920, and attended four meetings after the salary had been fixed at $10 per meeting. He brought this action to recover his salary, amounting, as alleged, to $1,040, in the civil court of Milwaukee county.

For answer and defense to the action defendant alleged

that on or about the 5th day of January, 1920, the plaintiff waived his salary as such director which had accrued up to December 31, 1919. Judgment was offered in the sum of $414.99, being the amount of salary that had accrued subsequent to December 31, 1919. A counterclaim was also interposed for the recovery of $1,325, being the amount of an alleged unlawful dividend declared by the board of directors on January 5, 1920, which counterclaim was, however, dismissed before the case was submitted to the jury.

The jury returned a special verdict, comprised of the following question: "On January 5, 1920, did *Dr. J. A. Nelson* waive his right to salary as director for the period ending December 31, 1919? *A.* No." Judgment was accordingly entered in favor of the plaintiff for the full amount of the salary claimed, with interest, which judgment upon appeal was affirmed by the circuit court. From the judgment of the circuit court affirming said judgment of the civil court defendant brings this appeal.

For the appellant there was a brief by *Brennan & Lucas* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondent there was a brief by *Robinson & Saltstein,* attorneys, and *E. H. Pottinger,* of counsel, all of Milwaukee, and oral argument by *B. F. Saltstein.*

The following opinion was filed January 10, 1922:

Owen, J. The only defense interposed to the action was that the plaintiff waived his salary which had accrued up to December 31, 1919, which alleged waiver is predicated upon the following state of facts: On the 5th day of January, 1920, there was submitted to a meeting of the board of directors held on that day, by the secretary of the company, a statement which showed an undivided profit of $5,036.08. This statement did not show the accrued portions of the annual salaries of the directors and officers of the corporation. It is claimed that if such accrued salaries had been disclosed by the statement it would have

revealed a loss instead of a profit.    There is evidence to
show that the fact that the financial statement did not re-
veal the accrued and unpaid portion of the annual salaries
of the directors and officers of the corporation was dis-
cussed, and the secretary stated that such salaries did not
become a liability of the corporation until the end of the
year, and that the amount thereof would not properly ap-
pear on the statement.    With this financial statement be-
fore it the board of directors declared a dividend of two
per cent., amounting in the whole to $1,325.    In view of
the fact that the counterclaim, which set up a cause of ac-
tion for the recovery of the amount of this dividend from
the plaintiff, was dismissed it is unnecessary to consider the
legality of the dividend then declared, and it leaves as the
only issue raised by the pleadings the question whether the
plaintiff waived his salary by his participation in the meet-
ing of the board of directors January 5, 1920.

A waiver is the voluntary relinquishment of a known
right.    Intent to waive is an essential element of waiver.
While the intent to waive may be inferred as a matter of
law from the conduct of the parties (*Pabst B. Co. v. Mil-
waukee,* 126 Wis. 110, 117, 105 N. W. 563), it is to be de-
termined as a question of fact where the inference does not
conclusively arise as a matter of law.    *Robinson v. Penn-
sylvania F. Ins. Co.* 90 Me. 385, 38 Atl. 320; *Fishback v.
Van Dusen,* 33 Minn. 111, 22 N. W. 244.

The argument of appellant is to the effect that the finan-
cial statement submitted to the board of directors when the
dividend was declared failed to disclose the earned portion
of the annual salaries of the directors and officers; that this
fact was called to the attention of the directors; that if this
item had appeared upon the financial statement it would
have revealed a loss rather than a profit; that by declaring
the dividend the directors must be held to have acted upon
the assumption that profits existed out of which the dividend
could have been paid, which fact could exist only upon the

Nelson v. Caddo-Texas Oil Lands Co. 176 Wis. 327.

theory that the amount of their salaries which had then accrued was waived. We do not think this inference necessarily follows. Numerous motives might have induced them to vote the dividend. They might have done it deliberately, knowing that there were no profits. They could voluntarily assume the liability which the law imposes upon them for so doing if they chose. They might have thought that it would be to the benefit of the corporation to declare a dividend even in the absence of profits, and there is evidence in the record to indicate that it was considered by the directors that by so doing future stock sales would be made easier. They might have thought that the future earnings of the company would be ample to pay their salaries when due, and that they were not impairing the capital stock of the company by declaring a small dividend, which by no means absorbed the entire surplus of the company as disclosed by the financial statement. Under such circumstances, an intent to waive their salaries is not necessarily imputed to the directors by reason of the paying of the dividend. Whether the plaintiff intended to waive his salary by his participation in the directors' meeting and voting to declare the dividend is a question of fact which was properly submitted to the jury, and the judgment rendered on the verdict of the jury cannot be disturbed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $10 costs, on March 14, 1922.