**SEELY et ux.**

v.

**CLEVELAND WRECKING CO. OF CINCINNATI.**

**Civ. A. 15458.**

United States District Court, E. D. Pennsylvania.

March 24, 1954.

Jacoby & Maxmin, Philadelphia, Pa., for plaintiffs.

J. Paul Erwin, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The defendant points out that to allow the amendment would result in adding new parties having different causes of action. That is strictly true, but it is not a valid objection. The claims of the corporations arose from precisely the same transaction as that of the individual plaintiffs and most, if not all, of the questions of law and fact involved are common to all the claims. The joinder of the corporations in the original action would have been entirely proper, Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 143 F.2d 105 and no reason is perceived why they should not be added now. Rule 1, Fed.Rules Civ.Proc., 28 U.S.C. provides that the Rules shall be construed to secure the "just, speedy, and inexpensive determination of every action", and the allowance of this amendment is, in the judgment of the Court, the best way to obtain that result. It is difficult to see how the defendant can be harmed. If it desires a severance in order to file a proper third-party complaint, it can have it, under the Sporia case. There is nothing to prevent its filing separate interrogatories directed to the respective plaintiffs.

The amendment will be allowed.