EMPLOYERS INSURANCE OF WAUSAU, Appellant, v. SHEEDY, Special Administrator of the Estate of CARL G. ZADRA, and another, Respondents.

*No. 181. Argued March 3, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 220.)

For the appellant there was a brief and oral argument by *Stanley F. Schellinger* of Milwaukee.

For the respondent Patrick T. Sheedy there was a brief by *Kivett & Kasdorf*, attorneys, and *Nonald J. Lewis* and *Donald C. Fellows* of counsel, all of Milwaukee, and oral argument by *Mr. Fellows*.

For the respondent Frank Jahn & Sons, Inc., there was a brief by *Kluwin, Dunphy, Hankin & Hayes*, attorneys, and *Michael J. Pfau* of counsel, all of Milwaukee, and oral argument by *Mr. Pfau*.

BEILFUSS, J.   The issues are:

1.   Is the subrogated insurance carrier estopped from asserting its claim against the alleged tort-feasor subcontractor Zadra because of the settlement of Zadra's action?

2.   Is the claim of the subrogated insurance carrier against the alleged tort-feasor subcontractor Jahn defeated by waiver because of the payment of Jahn's contract claim?

It is agreed by all parties that when Employers Mutuals settled the claim of Concordia College for damage to the aluminum curtain wall it became subrogated to the extent of its payment to the rights and defenses of Concordia and Beyer as to any claim they might have against Zadra and Jahn for tortious damage to the curtain. However, the subrogee stands in the position as the subrogors and can assert only such rights as the sub-

rogors had and is subject to such defenses as were available against the subrogors.[2]

The respondent Zadra contends that when Beyer settled Zadra's claim under the contract for less than the contract price after notice of the defective floor and damaged curtain wall, it constituted waiver by Beyer to assert a claim for the damaged curtain and Beyer was estopped from asserting its claim.

The respondent Jahn claims that Beyer waived its claim for damage to the curtain by payment of the full contract price after notice of the damage to the curtain.

In *Hanz Trucking, Inc. v. Harris Brothers Co.* (1965), 29 Wis. 2d 254, 138 N. W. 2d 238, this court had an occasion to define estoppel and waiver, at pages 266, 267:

"While the doctrines of waiver and estoppel lend themselves to separate definitions, because some of the same facts may affect both doctrines, the distinction between the two is sometimes difficult to demonstrate. The difficulty is pointed out in *Davies v. J. D. Wilson Co., supra,* at page 469:

" '31 C. J. S., Estoppel, p. 245, sec. 61b, points out:

" ' "Waiver and estoppel or estoppel *in pais* are closely related; the line of demarcation between them is said to be very slight, since both partake of somewhat the same elements and ask essentially the same relief; and the terms are frequently and loosely used as convertible, especially where waivers implied, and estoppels arising, from conduct are involved, the dividing line being very shadowy in such cases and it being often a difficult question to determine just where the doctrine of implied waiver ends and that of estoppel begins. Where the waiver relied on is constructive, or merely implied from the conduct of a party, irrespective of what his actual intention may have been, it is at least questionable if there are not present some of the elements of estoppel. It has been declared on the one hand, that estoppel is a species of waiver, and, on the other hand, that waiver

---

[2] *See* 83 C. J. S., *Subrogation*, p. 612, sec. 14; 50 Am. Jur., *Subrogation*, p. 753, sec. 110; 29A Am. Jur., *Insurance*, p. 800, sec. 1720; *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. 2d 390, 120 N. W. 2d 70.

belongs to the family, and, according to the judicial decisions on the subject, is in the nature, of estoppel." '

"In the recent case of *City of Milwaukee v. Milwaukee County* (1965), 27 Wis. (2d) 53, 66, 133 N. W. (2d) 393, we defined estoppel *in pais* as follows:

" ' . . . An estoppel *in pais* consists of action or nonaction on the part of the one against whom the estoppel is asserted which induces reliance thereon by another, either in the form of action or nonaction, to his detriment. *Dixon v. Davidson* (1930), 202 Wis. 19, 231 N. W. 276; *Callaway v. Evanson* (1956), 272 Wis. 251, 75 N. W. (2d) 456; *Eau Claire Dells Improvement Co. v. Eau Claire, supra.*' "

And, at pages 264, 265, we said:

" ' "Waiver" is defined as voluntary and intentional relinquishment of a known right. As said in *Nolop v. Spettel* (1954), 267 Wis. 245, 249, 64 N. W. (2d) 859:

" ' "A waiver is the intentional relinquishment of a known right." *Swedish American Nat. Bank v. Koebernick,* 136 Wis. 473, 479, 117 N. W. 1020. "Since an intention to relinquish an existing right or advantage is generally regarded as an essential of a waiver, it follows that it must be shown by the party claiming a waiver that the person against whom the waiver is asserted had at the time knowledge, actual or constructive, of the existence of his rights or of the facts upon which they depended. Ignorance of a material fact negatives a waiver. Waiver cannot be established by a consent given under a mistake of fact." 56 Am. Jur., Waiver, p. 114, sec. 14.' *Davies v. J. D. Wilson Co.* (1957), 1 Wis. (2d) 443, 466, 467, 85 N. W. (2d) 459.

"In *Nelson v. Caddo-Texas Oil Lands Co.* (1922), 176 Wis. 327, 329, 186 N. W. 155, the court said:

" ' . . . Intent to waive is an essential element of waiver. While the intent to waive may be inferred as a matter of law from the conduct of the parties (*Pabst B. Co. v. Milwaukee,* 126 Wis. 110, 117, 105 N. W. 563), it is to be determined as a question of fact where the inference does not conclusively arise as a matter of law. *Robinson v. Pennsylvania F. Ins. Co.* 90 Me. 385, 38 Atl. 320; *Fishback v. Van Dusen,* 33 Minn. 111, 22 N. W. 244.' "

The trial court, in granting respondents' motions for summary judgment, concluded that Employers Mutuals

was subject to all the defenses the respondents had against Beyer; that as to the claim against Zadra, Beyer waived its claim for damages to the curtain and was estopped from asserting its claim by settlement of Zadra's action; and that by paying Jahn in full after notice of the damage claim Beyer waived its right to assert the claim. In coming to these conclusions the trial court relied primarily upon *Wm. H. Heinemann Creameries v. Milwaukee Automobile Ins. Co.* (1955), 270 Wis. 443, 71 N. W. 2d 395, 72 N. W. 2d 102, and *Guschl v. Schmidt* (1954), 266 Wis. 410, 63 N. W. 2d 759.

We believe both of these cases must be distinguished on their facts.

*Heinemann* was an automobile accident case involving a collision between two automobiles—Heinemann's truck and one owned and driven by Tronca. Both vehicles were damaged. Tronca sued Heinemann; Heinemann did not counterclaim. Indemnity, Heinemann's insurance carrier, settled (by compromise) the action by payment of $150 to Tronca without a reservation of rights agreement. The action was dismissed upon its merits. Indemnity, under a $100-deductible collision provision of the policy, paid Heinemann $2,214.22, which sum was the total damage to the truck resulting from the collision. Heinemann then brought the action in question for $100 and, Indemnity, as subrogee, for $2,214.22 against Tronca and his insurance carrier. The court recognized that counterclaims are not compulsory in Wisconsin and, therefore, settlement of the Tronca action was not res adjudicata. It did, however, hold that the compromise settlement constituted an accord and satisfaction and that Indemnity, by entering into the compromise without a reservation of rights, was estopped from asserting its claim for $2,214.22 against Tronca and his insurer. The court further held that the compromise settlement was not conclusive against Heinemann on its claim for $100 because the record did not reveal it participated in the compromise settlement.

*Guschl v. Schmidt, supra,* was an action to recover the balance due on a contract whereby Guschl agreed to remodel Schmidt's home. Schmidt counterclaimed for the amount previously paid on the contract and damages for breach of contract. Because of an error in measuring by an architect, Guschl could not build the rooms as large as provided in the plans. Schmidt watched the work progress from day to day and paid Guschl all but $573.86 due on the $6,200 contract. Guschl sued for $573.86 and Schmidt counterclaimed for the amounts paid and damages for breach of contract because the rooms were smaller than the specifications of the plans. The court held payment or partial payment without knowledge of a latent defect does not constitute acceptance but that a substantial partial payment by the owner with knowledge of the defect in the absence of other mitigating circumstances did constitute a waiver of such defect.

Employers Mutuals' claim arises from subrogation and assignment from Concordia and Beyer because of damage to the curtain. Employers Mutuals was in no way involved in Beyer's claim of $976.50 against Zadra for correcting the defective condition of the terrazzo floor. Zadra had been notified of the unsatisfactory performance of its contract because of the defective floor; it had also been notified of the damage to the curtain because of its alleged negligence and of Employers Mutuals' payment of Concordia's claim. It is significant that the compromise of Zadra's contractual claim was in the exact amount claimed by Beyer to correct the contractual deficiency. It is difficult to conclude that Beyer intended to compromise the $10,000 claim and the $576.50 claim for the sum of $576.50. In any event, that determination should not be made on motion for summary judgment upon the facts as they appear in the record now before the court.

As to Zadra, we are concerned with two separate and distinct events (not one as was apparent in *Heinemann*).

The defective floor was a contract deficiency under a contract between Beyer and Zadra. Concordia's claim arose through alleged negligence of Zadra. Employers Mutuals' payment to Concordia was in no way related to the unsatisfactory appearance of the floor. Beyer's right to make claim against Zadra for damage to the curtain had passed to Employers Mutuals. Zadra knew Employers Mutuals had paid Concordia before it settled its contract claim with Beyer. It does not appear that Employers Mutuals in any way participated in the settlement between Beyer and Zadra nor that it was even aware of a contractual claim between them. Under these circumstances it cannot be said as a matter of law that there was an accord and satisfaction of Employers Mutuals' claim nor that any act of Beyer constituted a waiver or created estoppel of Employers Mutuals' claim. All the defenses that Zadra had against Beyer as to its alleged negligence causing damage to the curtain, had Beyer paid the claim, are still available to Zadra. There should be a trial on all issues, including any factual issues that may give rise to the application of the doctrines of waiver and estoppel.

What has been said above as to waiver applies with equal force to Jahn's contention of waiver. Jahn was notified of the damage to the curtain and the contention that it was caused, at least in part, by Jahn's alleged negligence. Jahn was also notified that Beyer's insurer, Employers Mutuals, had paid the claim prior to the time that Beyer paid Jahn the contract price for the plastering. There was no complaint about the plastering and it was paid for at the contract price. (In *Guschl* it was claimed faulty performance of the contract resulted in the counterclaim.) At the time Beyer paid Jahn, the right to pursue the claim of negligence had passed to Employers Mutuals by subrogation and there is no proof that Employers Mutuals participated or was aware of the contract payment between Beyer and Jahn. Again, there

should be a trial on all issues, including any facts that may give rise to waiver.

Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent it has paid and be subject to the defenses of the alleged wrongdoer.[3]

We find nothing in the record before us that constitutes a waiver of its claim by Employers Mutuals nor conduct which estops it from asserting its claim as a matter of law.

There should be a trial on all issues.

*By the Court.*—Judgment reversed, and cause remanded for trial on all issues.

---

[3] *Leonard v. Bottomley* (1933), 210 Wis. 411, 416, 417, 245 N. W. 849.