**JOINT SCHOOL DISTRICT NUMBER ONE OF the VILLAGES OF MENOMONEE FALLS, BUTLER AND LANNON, WAUKESHA COUNTY, WISCONSIN, a municipal corporation, Plaintiff,**

v.

**BRODD CONSTRUCTION COMPANY and Owens-Corning Fiberglas Corporation, Defendants.**

No. 72-C-158.

United States District Court, E. D. Wisconsin.

Jan. 17, 1973.

214

McLario, Bernaski & Koener by Ronald G. Bernoski, Menomonee Falls, Wis., for plaintiff.

Michael, Best & Friedrich by Kenneth K. Luce, Milwaukee, Wis., for Owens-Corning Fiberglas.

Joseph C. Niebler, Milwaukee, Wis., for Brodd Construction.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action has moved pursuant to Rule 15, Federal Rules of Civil Procedure, for leave to file an amended complaint naming additional parties plaintiff. The proposed additional parties are four insurance companies alleged to be subrogees of the present plaintiff.

The defendant Owens-Corning Fiberglas Corporation opposes the filing of the amended complaint as a means of adding parties plaintiff. It suggests that such parties should move to intervene pursuant to Rule 24, Federal Rules of Civil Procedure. If it is the defendant's position that intervention is the only proper way for the insurance companies to become parties, I find such argument unpersuasive.

Rule 17(a), Federal Rules of Civil Procedure, requires every action to be prosecuted in the name of the real party in interest, and ordinarily a subrogee is a real party in interest. Employers Insurance of Wausau v. Sheedy, 42 Wis.2d 161, 166 N.W.2d 220 (1969); Allen v. Chicago & N. W. Ry. Co., 94 Wis. 93 (1896); Pratt v. Radford, 52 Wis. 114, 8 N.W. 606 (1881).

It is proper to permit a plaintiff to amend his pleadings to add its subrogees as parties plaintiff. E. Brooke Mattack, Inc. v. Walrath, 24 F.R.D. 263 (D.Md. 1959); Seely v. Cleveland Wrecking Co. of Cincinnati, 15 F.R.D. 469 (E.D.Pa. 1954); Moore's Federal Practice ¶ 17.-09 (1970).

Under the liberal construction mandate of Rule 15(a), Federal Rules of Civil Procedure, the plaintiff's motion to amend the complaint should be granted.

Therefore, it is ordered that the plaintiff's motion to amend its complaint be and hereby is granted.