THE BRENDANWOOD NEIGHBORHOOD ASSOCIATION, INC., DAN WHEAT AND CAROLYN K. WHEAT *v.* THE COMMON COUNCIL OF THE CITY OF LEBANON, INDIANA ET AL.

[No. 1-475A66. Filed December 16, 1975. Rehearing denied January 19, 1976. Transfer denied June 21, 1976.]

*Hollingsworth, Martin & Buchanan,* of Lebanon, *Buchanan & Buchanan,* of Lebanon, for appellants.

*James L. Goodwin,* of Lebanon, *William F. LeMond,* of Indianapolis, *Wendell B. Iddings,* of Lebanon, for appellees.

LYBROOK, J.—Plaintiff-appellant The Brendanwood Neighborhood Association (BNA) and appellants Dan and Carolyn Wheat, husband and wife, appeal from the dismissal of BNA's complaint and from the subsequent refusal of the trial court to permit amendment to the complaint naming the Wheats as parties plaintiff. The propriety of that refusal forms the primary issue on appeal.

The record reveals that on May 1, 1974, BNA filed a complaint in the Boone Circuit Court challenging the validity of an annexation ordinance and a resolution amending the ordinance. The complaint sought to abate a nuisance and declaratory judgment. Thereafter, defendants-appellees The Common Council of the City of Lebanon, Robert Hulse, Robert Walker, and Hulse and Walker d/b/a H&W Development Co., a general partnership, responded by filing motions to dismiss BNA's action. Defendants' motions were sustained on October 16, 1974.

On October 25, 1974, BNA and the Wheats jointly moved the court for leave to amend the complaint to add the Wheats as parties plaintiff. The motion was denied, and this appeal was initiated.

Preliminarily, we note that the grounds advanced by defendants in their motions to dismiss included (1) lack of subject matter jurisdiction and (2) failure to state a claim upon which relief could be granted. Since the order sustaining the motions to dismiss does not specify which of these grounds was the basis of dismissal, each must be considered.

Clearly, the Boone Circuit Court had subject matter jurisdiction herein. The question of subject matter jurisdiction concerns whether the court does or does not have jurisdiction of the general subject or the general class of cases to which the particular action belongs. See, *McCoy* v. *Able* (1891), 131 Ind. 417, 30 N.E. 528; *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N.E. 596; *Wabash Railroad Co.* v. *Public Service Commission* (1953), 232 Ind. 277, 112 N.E.2d 292; Ind. Rules of Procedure, Trial Rule 12(B)(1). Herein, the subject matters of BNA's complaint were (1) suit to abate a nuisance and (2) suit for declaratory judgment. Both matters are clearly within the jurisdiction of the Boone Circuit Court. See, Article 7, Section 8 of the Constitution of Indiana, and IC 1971, 33-4-4-3 (Burns Code Ed.).

Thus, it is apparent that the basis of the dismissal of plaintiff's complaint was failure to state a claim upon which relief could be granted pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6). In such cases, the complaint may be amended once, as a matter of right, within 10 days:

> "When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule." TR. 12(B).

Since BNA's attempt to amend its complaint by adding the Wheats as co-plaintiffs was made within 10 days it was reversible error to not permit the amendment, unless the proposed amendment was not appropriate. Indeed, this is what the trial court found in denying BNA's motion, and what defendants now assert on appeal. They argue that an attempt to substitute the Wheats as real parties in interest is not an amendment as contemplated by TR. 12 and TR. 15. Defendants' argument points out that TR. 12 specifically states

that the amendment contemplated must be made pursuant to
TR. 15(A), which provides:

> "(A) *Amendments.* A party may amend his pleading once
> as a matter of course at any time before a responsive
> pleading is served or, if the pleading is one to which no
> responsive pleading is permitted, and the action has not
> been placed upon the trial calendar, he may so amend
> it at any time within thirty [30] days after it is served.
> Otherwise a party may amend his pleading only by leave
> of court or by written consent of the adverse party; and
> leave shall be given when justice so requires. A party
> shall plead in response to an amended pleading within the
> time remaining for response to the original pleading or
> within twenty [20] days after service of the amended
> pleading, whichever period may be the longer, unless the
> court otherwise orders."

Defendants argue that by the very wording of TR. 15(A),
amendments thereunder are limited to a *party* amending *his*
pleading. They argue that TR. 15(A) does not authorize
wholesale amendment or substitution of parties. Nevertheless,
no authority is provided in support of this argument. Ap-
pellants, on the other hand, baldly assert that since the Wheats
were the real parties in interest it was mandatory that the
trial court accept their amendment since it was offered within
the 10-day period.

Thus, the question presented is whether, under the existing
scheme of trial rules, a plaintiff may amend his complaint
as a matter of right to add new plaintiffs once his complaint
has been dismissed under TR. 12(B)(6). There being no
relevant case law in Indiana on this proposition, guidance
may be gleaned from federal cases interpreting similar pro-
visions.

As defendants concede, an amendment made within 10 days
of dismissal of complaint may be had, as of right, on any
ground permitted by TR. 15(A). *See,* TR. 12(B). Moreover,
federal case law supports the proposition that under TR.
15(A), it is permissible to amend a complaint by adding,
substituting or dropping parties to the action. *Joint School*

*District No. One of Villages of Menomonee Falls, Butler and Lanon, Waukesha County, Wisconsin* v. *Brodd Construction Co.* (E.D. Wisc., 1973), 58 F.R.D. 213; *Halladay* v. *Verschoor* (8th Cir. 1967), 381 F.2d 100; *Goldenberg* v. *World Wide Shippers & Movers of Chicago* (7th Cir. 1956), 236 F.2d 198; *Kroger Co.* v. *Adkins Transfer Co.* (M.D. Tenn. 1968), 284 F.Supp. 371; affirmed on other grounds (6th Cir. 1969), 408 F.2d 813; *Kaminsky* v. *Abrams* (S.D. N.Y. 1966), 41 F.R.D. 168; and *Wood* v. *Rex-Noreco, Inc.* (S.D. N.Y. 1973), 61 F.R.D. 669 (amendment to redefine and limit plaintiff class). See also, 6 Wright and Miller, *Federal Practice and Procedure* § 1474, p. 378, *et seq.*

This rule is necessary if one is to reconcile the language of TR. 15(A) and TR. 12(B)(6) with that of TR. 17(A) which requires that every action be prosecuted in the name of the real party in interest and that the action should not be dismissed for failure to so prosecute:

"(A) *Real party in interest.* Every action shall be prosecuted in the name of the real party in interest.

\* \* \*

*"No action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action.* Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest." (Emphasis supplied).

The above interpretation of the interrelation of TR. 12 (B)(6), TR. 15(A), and TR. 17(A) is further enhanced by the language of TR. 12(B)(6) which provides that failure to state a claim includes failure to name the real party in interest under TR. 17:

"(B) *How presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except

that at the option of the pleader, the following defenses may be made by motion:

\* \* \*

"(6) Failure to state a claim upon which relief can be granted, *which shall include failure to name the real party in interest under Rule 17, . . .*" (Emphasis supplied).

## CONCLUSION

Thus, it is apparent that BNA was entitled, as a matter of right, to amend its complaint within 10 days from dismissal. Further, any ground available under TR. 15(A) could be used by BNA in amending its complaint and this includes adding parties plaintiff. The denial of BNA's motion to amend by naming the Wheats as co-plaintiffs was error. The judgment must therefore be reversed and the cause remanded with instructions to sustain appellants' motion for leave to amend.

Reversed and remanded with instructions.

Lowdermilk, J. and Hoffman, J. (participating by designation), concur.

NOTE.—Reported at 338 N.E.2d 695.