In the Matter of the
**ADOPTION OF H.S.**

**Doris SMOCK, Petitioner-Appellant,**

v.

**Francis and Teresa HOEING,
Respondent-Appellees.**

**No. 1–1184A296.**

Court of Appeals of Indiana,
First District.

Oct. 10, 1985.

Rehearing Denied Nov. 22, 1985.

Maureen E. Gaddy, Indianapolis, for petitioner-appellant.

W. Michael Wilke, Wickens, Wickens & Wilke, Greensburg, for respondent-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Doris Smock (Doris), appeals the denial of her Emergency Verified Petition to Revoke Consent for Adoption of H.S.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

Doris, age 49, is the natural blood grandmother of H.S. and had adopted H.S. in 1980. H.S. is the natural blood daughter of Nancy, Doris' daughter. Respondent, Teresa Hoeing, is the blood niece of Doris, and respondent, Francis Hoeing, is Teresa's husband. Throughout the year prior to April 16, 1982, there had been conversations among Doris, her mother Zona Frodge, and Teresa concerning the adoption of H.S. by Teresa and Francis. Doris wanted Teresa to take H.S. on a temporary custody basis, but Teresa, on advice of her attorney, refused. After much soul searching Doris agreed to the adoption, but conceded that it was done after a discussion with her own attorney who advised her not to.

On April 16, 1982, Doris, Teresa and Francis met in the office of Teresa and Francis' attorney. In a recorded interview the attorney candidly explained to Doris all of the ramifications of adoption: that H.S. would forever be the child of Teresa and Francis, that H.S. would no longer belong to Doris, and that Doris would have no rights in the child after adoption. Doris stated her reasons for adoption were that her daughter, Nancy, was threatening to take the child, there was so much turmoil, and Teresa could give H.S. a better home.

The attorney also told her there would be no welfare investigation. He read the petition to Doris in its entirety and let her read it.

Thereupon, before a notary public, Doris executed the consent to adoption which was attached to the petition. The petition was then filed in the Decatur Circuit Court on April 19, 1982, and on April 20, 1982, the court entered the decree of adoption. Doris admitted she was then told of the finalization of the adoption.

On December 6, 1983, Doris, by her then trial attorney, William C. Erbecker, filed her Emergency Verified Petition to Revoke Consent for Adoption alleging as grounds therefor: (1) mental strain; (2) duress by her parents and petitioner; (3) fraud and undue influence; (4) consent not obtained under oath and without aid of counsel; (5) lack of intent of adoptive mother (Doris) and absence of natural mother; (6) best interest of the child; and (7) disparity of treatment by Teresa between H.S. and her natural children. The petition was heard on May 30, 1984, and denied on June 15, 1984.

Doris filed her Motion to Correct Errors on June 29, 1984, addressing (1) insufficiency of the evidence, and (2) decision contrary to law; the motion concerned only duress, undue influence, lack of intent, and nonrepresentation of counsel.

On September 5, 1984, more than 60 days after the date of the judgment, Doris, by other counsel, filed her Amended Motion to Correct Errors and Motion to Void Adoption Decree Due to Lack of Jurisdiction alleging for the first time the trial court's lack of subject matter jurisdiction. The specifications of the amended motion included: (a) failure to allege the time the child had been in the home of the adopting parent as required by IND.CODE 31-3-1-2; (b) abuse of discretion by the trial court in not requiring a period of supervision as required by IND.CODE 31-3-1-3; (c) failure to refer petition to the Welfare Department for investigation and report as required by IND.CODE 31-3-1-4; and (d) failure to provide parent a notice of hearing and opportunity to object as required by IND.CODE 31-3-1-6. She also alleged in the amended petition lack of due process in granting the petition within 24 hours, insufficiency of the evidence, and the decision was contrary to law.

On November 5, 1984, the trial court granted the Amended Motion to Correct Errors filed September 5, 1984, for the specification that the petition was not referred to the Welfare Department for investigation or report, and vacated the Decree of Adoption. The trial court reaffirmed the denial of the petition to revoke consent for adoption, ordered the petition referred to the Welfare Department for report, and set the petition for hearing.

## ISSUES

Doris raises six issues on appeal, restated by us into three issues as follows:

I. The trial court lacked subject matter jurisdiction to enter the adoption decree because (1) the petition failed to allege the time the child was in the adopting home (IND.CODE 31-3-1-2), and (2) the court failed to refer the petition to the Welfare Department (IND.CODE 31-3-1-4); therefore, the decree of adoption is void.

II. Court violated Doris' due process rights and abused its discretion granted under IND.CODE 31-3-1-3 relative to supervision by granting adoption within 24 hours.

III. The conclusion and judgment of the court is contrary to law in that the acts of respondent were a fraud on the court.

Hoeings raise the cross-error that the court erred in vacating the decree of adoption.

## DISCUSSION AND DECISION

Issue I: *Subject Matter Jurisdiction.*

■■■ A motion to correct errors must be filed within 60 days after the entry of the judgment. Ind.Rules of Procedure, Trial Rule 59(C). Amendments thereto may be filed before ruling. However the trial

judge has no jurisdiction to accept amendments or supplements after the 60 day time limit has elapsed. *Kroll v. Bell* (1982), Ind.App., 433 N.E.2d 71; *Ver Hulst v. Hoffman* (1972), 153 Ind.App. 64, 286 N.E.2d 214, *trans. denied.* Timely filing is a jurisdictional act and is an absolute precondition to appeal.

Doris' entire appeal is directed toward matters raised in the amended motion to correct errors which was filed more than 60 days after entry of the judgment. She presents no argument in her brief concerning the merits of her petition to revoke consent for adoption, and has therefore waived any issue arising out of her June 29 Motion to Correct Errors. *Brinson v. Sheriff's Merit Board of Jefferson County* (1979), 182 Ind.App. 246, 395 N.E.2d 267. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

█ In an attempt to escape consequences of the late filing of the amended motion to correct errors, Doris has labeled the errors as going to subject matter jurisdiction. It is true that the question of subject matter jurisdiction can be raised at any time, in any manner, even on appeal. If it is not raised, this court may, sua sponte, raise the question and decide it. *Decatur County REMC v. Public Service Co.* (1971), 150 Ind.App. 193, 275 N.E.2d 857. *Cf. Farley v. Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375. A judgment where no subject matter jurisdiction exists is void. *Brown v. State* (1941), 219 Ind. 251, 37 N.E.2d 73. The threshold question is, therefore, whether the trial court had acquired subject matter jurisdiction before it granted the adoption. Doris argues that failure to allege the time the child was in the adoptive home and the failure to refer the petition to the Welfare Department for investigation and report are preconditions to the court acquiring subject matter jurisdiction.

█ Jurisdiction of the subject matter involves the power of the court to hear and determine a general class of cases to which the proceedings belong. But subject matter jurisdiction does not depend upon the

sufficiency or correctness of the averments in the complaint, the stating of a good cause of action, the validity of the demand, or the plaintiff's right to relief. It does not depend upon the regularity of the proceedings or the correctness of the decision. It is only dependent upon the subject matter to which it relates. *Myers v. Sell* (1948), 226 Ind. 608, 81 N.E.2d 846, 82 N.E.2d 81; *Brown, supra; Brendanwood Neighborhood Association v. Common Council of Lebanon* (1975), 167 Ind.App. 253, 338 N.E.2d 695; *Hirschman v. Marion County Plan Commission* (1958), 128 Ind.App. 520, 146 N.E.2d 277, *trans. denied.* The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether this kind of claim the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or statute. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99.

█ Jurisdiction of the subject matter does not mean the jurisdiction of a particular case. A court can have jurisdiction over a particular class of cases to which the case belongs, but not jurisdiction over the particular case because of the existence of particular facts contained therein. *Public Service Co. v. Decatur County REMC* (1977), 173 Ind.App. 198, 363 N.E.2d 995. Failure to timely raise the issue of jurisdiction of a specific case effects a waiver thereof. *Farley, supra.*

█ If a litigant does not follow a statutory remedy when one is provided, it is said that the court does not acquire subject matter jurisdiction. *State Board of Tax Commissioners v. Oliverius* (1973), 156 Ind.App. 46, 294 N.E.2d 646; *Cooper v. County Board of Review of Grant County* (1971), 150 Ind.App. 232, 276 N.E.2d 533; *Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308; *Decatur County REMC v. Public Service Co.* (1971), 150 Ind.App. 193, 275 N.E.2d 857. Though one who seeks the benefit of a statutory proceeding must comply with all procedural terms of the

statute, failure to comply with such niceties will subject the complaint to dismissal for failure to state a claim pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), after which the plaintiff can amend. *State ex rel. Young, supra.* A court does not lose jurisdiction by committing prejudicial error or applying the wrong principle of law, or making an erroneous decision. The remedy is appeal. *See e.g., State ex rel. Young, supra,* (errors in recount proceedings); *Myers, supra* (failure to allege the size of a ditch as required in statutory proceedings); *Cauldwell v. Curry* (1883), 93 Ind. 363 (irregularities in ditch assessment proceedings); *Renforth v. Fayette Memorial Hospital Assn., Inc.* (1979), 178 Ind.App. 475, 383 N.E.2d 368, *cert. denied,* 444 U.S. 930, 100 S.Ct. 273, 62 L.Ed.2d 187 (1979) (judge failing to disqualify himself); *Pund v. Pund* (1976), 171 Ind.App. 347, 357 N.E.2d 257 (filing petition for change of custody in wrong county); *Sims v. Sims* (1957), 128 Ind.App. 408, 146 N.E.2d 111 (failure of proof of divorce residency). However, it has been held that compliance with statutory preconditions in the Uniform Child Custody Act is necessary to confer subject matter jurisdiction. *Campbell v. Campbell* (1979), 180 Ind.App. 351, 388 N.E.2d 607.

■ Here consent for adoption was executed by Doris, and the adoption was filed in the Decatur Circuit Court. That court is a court of general jurisdiction which had probate jurisdiction as required by IND. CODE 31–3–1–1. The subject matter jurisdiction of the court was invoked, and it did not lose it by deficiencies in the petition or errors in proceedings. Therefore, the issues raised in the amended motion to correct errors filed more than 60 days after judgment present no question on appeal.

Doris cites no specific authority to the contrary, except for the general proposition that statutory procedures must be followed. *Glansman v. Ledbetter* (1921), 190 Ind. 505, 130 N.E. 230 merely holds that notice to a non-consenting parent is jurisdictional. This jurisdictional defect, of course, is jurisdiction of the person, not jurisdiction of the subject matter.

Issues II and III: *Due Process. Judgment Contrary to Law.*

■ The due process argument concerns the granting of the decree within 24 hours of filing the petition. The judgment contrary to law issue concerns an argument that respondent perpetrated a fraud on the court. Both of these issues were raised for the first time in the late-filed motion to correct errors, and thus present no question for review, as held in Issue I.

■ Additionally, we have reviewed the transcript of the hearing on the petition to revoke consent and find that the petition is without merit. Even Doris' own testimony was equivocal, and consisted of alleged petty lies attributed to Teresa, pressure on her from her mother, Zona, and fear of her daughter, Nancy. Even this testimony was disputed by others. Doris was not a teen, unwed mother, but a 49 year old grandmother. This matter was discussed between herself, her own mother, Teresa and others for a period of a year prior to the execution of the consent. She consulted her own lawyer who advised her against the adoption. Teresa's attorney advised her candidly about the ramifications of the adoption, and the resulting loss of rights in the child if adoption was granted. There was no evidence of fraud or coercion. Though she acknowledges that she was advised of the adoption finalization the day after the decree was entered, she did nothing for 20 months. IND.CODE 31–3–1–6(f) provides that a consent to adoption cannot be withdrawn after the entry of the decree and only with the court's permission before the entry of the decree. Nevertheless, an adoption obtained by fraud or duress, or other consent vitiating factors would be subject to attack as any other judgment obtained through fraud, duress, or other such practices under Ind.Rules of Procedure, Trial Rule 60(B)(3). *Matter of Adoption of Hewitt* (1979), Ind.App., 396 N.E.2d 938. However, such proceedings must be commenced within one year from the entry

of the judgment or order. T.R. 60(B). Clearly, this was not done.

For the above reasons, the trial court's decision denying the petition to revoke consent for adoption is affirmed. The Hoeing's cross-appeal is granted and the trial court is ordered to reinstate the Decree of Adoption entry on April 20, 1982.

Judgment affirmed in part, reversed in part.

RATLIFF, P.J., and ROBERTSON, J., concur.