McKenna and others, Appellants, v. State Highway Commission, Respondent.

*June 3—June 25, 1965.*

180

182

For the appellants there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *George G. Blake.*

For the respondent the cause was argued by *Richard E. Barrett,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. This appeal raises two issues: [2]

1. Does the complaint state a cause of action for damages caused by the commission's closing of Whitcomb Drive, which changed the petitioners' access from direct to circuitous?

2. Does the commission have authority pursuant to sec. 84.25 (3), Stats. (controlled-access highways) to close off accesses without compensation if the area is no longer rural?

We agree with the conclusion of the trial court that the closing of Whitcomb Drive where it intersects the Madison Beltline, a controlled-access highway, does not state a cause of action for inverse condemnation. [3]

---

[2] The parties have not raised the issue of exhaustion of administrative remedies, which we discussed in *Nick v. State Highway Comm.* (1961), 13 Wis. (2d) 511, 518a, 109 N. W. (2d) 71, 111 N. W. (2d) 95.

[3] Sec. 32.10, Stats.:

"CONDEMNATION PROCEEDINGS INSTITUTED BY PROPERTY OWNER. Whenever any property has been occupied by a body possessing the

There is no taking in the sense required by the statute, where, as in this case, another access route is available. This is not to say, however, that there can be no taking unless there is a physical occupation, for as we have previously indicated a deprivation of all access would constitute a compensable taking. *Stefan Auto Body v. State Highway Comm.* (1963), 21 Wis. (2d) 363, 368, 124 N. W. (2d) 319.

In the facts before us it appears that prior to the designation of the beltline as a controlled-access highway, the petitioners enjoyed the use of a private driveway entering onto the beltline. Subsequently, when petitioners developed their property, they platted the designated Whitcomb Drive as a public street. The platting of that private road as a public street and its subsequent use as such constituted a dedication to the public. The highway commission by its order of July 2, 1964, deprived the petitioners of access to the beltline at its intersection with Whitcomb Drive. However, access, though less convenient, remains via either Gilbert road or Hammersley road.

Under these circumstances the situation is not unlike the one found in *Stefan Auto Body v. State Highway Comm.* (1963), 21 Wis. (2d) 363, 124 N. W. (2d) 319. We there held that though a property owner is deprived of direct access to a highway, that this does not constitute a compensable taking of property provided that reasonable access remains.

In *Nick v. State Highway Comm., supra,* we relied on the precedents arising out of the use of the police power in zoning

power of condemnation but where such body has not exercised said power, the owner, if he desires to institute condemnation proceedings, shall present a verified petition to the circuit judge of the county wherein the land is situated asking that such proceedings be commenced. Such petition shall describe the land, state the board, commission or corporation against which the condemnation proceedings are instituted and the use to which it has been put or is designed to have been put by the board, commission or corporation against which the proceedings are instituted."

cases and stated that the diminution of value of land because access to the highway was made more circuitous was not compensable. See also *Carazalla v. State* (1955), 269 Wis. 593, 608a, 70 N. W. (2d) 208, 71 N. W. (2d) 276.

We therefore hold that the fact that the petitioner McKenna is deprived of beltline access at Whitcomb Drive does not result in a taking of property which constitutes a cause of action for inverse condemnation under sec. 32.10, Stats.

The petitioners claim, however, that the exchange between McKenna and the highway commission which culminated in the letter of November 9, 1949, constitutes a contract between the parties whereby the highway commission agreed to a grant of permanent access to the beltline via Whitcomb Drive.

However, this court views the transaction as merely an offer by McKenna to dedicate the theretofore existing farm driveway as a public street. Certainly, the condition which McKenna met that he would include in the plat the provision that access was not permitted to the beltline, cannot be considered as consideration for a contract, since the property owners do not as a matter of right have ingress or egress to a controlled-access highway. We believe it is clear that the trial judge correctly interpreted this provision when he said that its purpose was:

". . . to avoid future botheration from plaintiff's grantees for access to the Beltline all of which the Commission of course would have the right to deny . . . and that the Commission was by its requirement in the letter merely serving notice in advance that such petitions by plaintiff's grantees would be rejected."

It appears that no contractual relationship in fact existed. Even had there been one, it is a recognized rule of constitutional law that neither a state nor its agencies can bargain or contract away its police power.[4] *State v. Sensenbrenner*

---

[4] Generally, see 16 C. J. S., Constitutional Law, p. 913, sec. 179; 16 Am. Jur. (2d), Constitutional Law, p. 530, sec. 273.

(1952), 262 Wis. 118, 124, 53 N. W. (2d) 773, and *Chicago, St. P., M. & O. R. Co. v. Douglas County* (1908), 134 Wis. 197, 207, 114 N. W. 511; *La Crosse Rendering Works v. La Crosse* (1939), 231 Wis. 438, 285 N. W. 393, 398. As we have said repeatedly the control of access to our highways is a proper exercise of that power. *Carazalla v. State, supra.*

Nor is the doctrine of estoppel applicable here as the plaintiffs claim. It is essentially their claim that having relied upon the permanency of the access via Whitcomb Drive the highway commission is now estopped from closing the access point.

However, in addition to good-faith reliance, which is arguably present here, there must be such inequitable conduct as to amount to fraud. *Jefferson v. Eiffler* (1962), 16 Wis. (2d) 123, 113 N. W. (2d) 834. There is no claim that any such element exists in this case. Moreover, the appellant recognizes that a public body is not thus estopped when carrying out a governmental function. We have previously determined that the control of access to highways is an exercise of the police power, an adjunct of government only to be used in the exercise of governmental policy on behalf of the general welfare. As we said in *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. (2d) 78, 88, 100 N. W. (2d) 571, quoting with approval from 1 A. L. R. (2d) 338, 340: [5]

" 'As a general rule the doctrine of estoppel will not be applied against the public, the United States government, or the state governments, where the application of that doctrine would encroach upon the sovereignty of the government and interfere with the proper discharge of governmental duties, and with the functioning of the government, or curtail the exercise of its police power; . . .' "

[5] See *Lang v. Cumberland* (1962), 18 Wis. (2d) 157, 163, 118 N. W. (2d) 114.

The fact that the road in question has changed from rural to urban in the period of time since it was designated as a controlled-access highway does not divest the commission of its continuing powers in that respect. Sec. 84.25 (13), Stats., provides that:

"A controlled-access highway shall remain such until vacated by order of the state highway commission . . . ." [6]

We therefore hold that the highway commission properly exercised its powers when it ordered the closing of Whitcomb Drive.

*By the Court.*—Judgment affirmed.

---

[6] See sec. 84.25 (3), Stats., which delegates to the commission the power, among others, to "eliminate intersections at grade of controlled-access highways with existing . . . streets . . . by closing off such . . . streets at the right-of-way boundary line of such controlled-access highway. . . ."

# CASES DETERMINED

AT THE

# August Term, 1965.