■ SIMON-EQUITY JEFFERSON VALLEY PARTNERSHIP, Appellant, v AJC CONTRACTORS, INC., Respondent-Respondent, et al., Respondents.

It is settled that by participating in an arbitration one waives his right to move for a stay of the arbitration on the ground that no valid contract or agreement to arbitrate had been made *(see,* CPLR 7503 [b]; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377; *Matter of Yonkers Public Lib. [Landolfe Elec. Corp.],* 27 AD2d 575).

The record reveals that the respondents Rudolph's Women's

Apparel of Mt. Kisco, Inc. (hereinafter Rudolph) and AJC Contractors, Inc. (hereinafter AJC) entered into a construction contract for improvements to be made on premises leased by Rudolph from the plaintiff Simon-Equity Jefferson Valley Partnership (hereinafter Simon-Equity). This contract provided that all disputes arising out of the contract would be arbitrated. When disputes over performance arose, AJC filed a mechanic's lien against the premises. Rudolph then served a demand for arbitration upon AJC and Simon-Equity, seeking to resolve all disputes and obtain a declaration that the mechanic's lien is invalid.

Although it was not a party to any agreement to arbitrate, Simon-Equity expressly and affirmatively agreed with Rudolph to be named as a respondent in the arbitration proceeding "in order to insure that full relief was accorded to the parties with respect to the mechanic's lien". By that act and because of its interest in having the mechanic's lien dispute resolved in Rudolph's favor, Simon-Equity has indicated an "affirmative acceptance" of arbitration *(De Sapio v Kohlmeyer,* 35 NY2d 402, 405), or an "elect[ion] * * * to go forward" with the arbitration *(Matter of National Cash Register Co. [Wilson], supra,* p 383). In this manner, Simon-Equity has "participated" in the arbitration and cannot now move for a limited stay of arbitration to the extent of preventing arbitration of claims made against it by AJC in the pending arbitration proceeding. Once it was a participant in the arbitration by consent, Simon-Equity knew or should have known that the possibility of claims was present.

We finally note that it was unnecessary for the court to find that Simon-Equity did not make a timely objection to the underlying arbitration pursuant to CPLR 7503, which requires a motion to stay arbitration to be made within 20 days of service of the demand for arbitration. It is Simon-Equity's "participation" in the arbitration, through its failure to in any form object to the underlying arbitration and its active consent to being named a party in that underlying arbitration proceeding, which now bars it from obtaining a stay of arbitration. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.