IN RE the MARRIAGE OF: Mary Carol HARMS, n/k/a
Mary Carol Parquet, Petitioner-Respondent,

v.

David L. HARMS, Respondent-Appellant.

Supreme Court

*No. 91–1514. Oral argument March 2, 1993.—Decided April
20, 1993.*

(Also reported in 498 N.W.2d 229.)

For the respondent-appellant there were briefs by *Christopher D. Walther, Lorry Conrad Eldien* and *Christopher D. Walther & Associates, S.C.*, Milwaukee and oral argument by *Christopher D. Walther*.

For the petitioner-respondent there was a brief by *Terry M. Iaquinta* and *Madrigrano, Zievers, Aiello & Iaquinta, S.C.*, Kenosha and oral argument by *Terry M. Iaquinta*.

STEINMETZ, J.   The principal issue presented in this case is whether the doctrine of equitable estoppel is a viable defense to a claim for child support arrearages. We hold that equitable estoppel is applicable to the facts of this case.

David L. Harms and Mary Carol Harms (now Parquet) were divorced on March 26, 1979. Pursuant to the divorce judgment, Mrs. Parquet was awarded sole custody of the then minor children, Abbey, date of birth 12/5/71, and Devin, date of birth 3/4/74. In addition, she

received all personal property in her possession, her automobile, and $39,500 in cash. At the time of the divorce, Mr. Harms lived four houses away from his children. The divorce judgment granted him visitation at all reasonable times upon 24 hours notice. Mr. Harms was ordered to pay $300 per month as child support with a credit of $100 per month if he exercised a two week continuous visitation period. The divorce judgment prohibited Mrs. Parquet from moving the residence of the children more than 50 miles from Powers Lake, Wisconsin, without written agreement of the parties or order of the court.

Mrs. Parquet moved the children to the state of Florida on August 21, 1980, in violation of the divorce judgment. On August 26, 1980, Mr. Harms received a certified letter from Mrs. Parquet informing him that she had moved the children to the state of Florida and that she no longer expected him to pay child support or hospital insurance. Pursuant to this letter, Mr. Harms stopped paying child support. At the time Mrs. Parquet moved the children to Florida, Mr. Harms' child support payments were up to date.

For seven years, Mrs. Parquet did not take legal action to enforce the court order for child support. Then, shortly after the enactment of sec. 767.32(1m), Stats.,[1] Mrs. Parquet filed a motion to hold Mr. Harms in contempt of court. The motion, filed October 27, 1987, alleged willful and intentional failure to pay child sup-

---

[1] Section 767.32(1m), Stats., states as follows:

(1m)  In an action under sub. (1) to revise a judgment providing for child support, maintenance payments or family support payments, the court may not revise the amount of child support, maintenance payments or family support payments due prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations.

782

port. Mrs. Parquet did not allege, and throughout nearly five years of litigation has never alleged, she needed public assistance to help support the children or that the children were not adequately and fully provided for during the time in question. Mrs. Parquet concedes that Mr. Harms resumed child support payments after she filed her motion and is current in support payments from October of 1987 to the present.

Pursuant to Mrs. Parquet's motion, an evidentiary hearing was held on December 14, 1987. The trial court entered a judgment finding, *inter alia*, that Mr. Harms was in contempt of court for failure to pay past due child support and that sec. 767.32(1m), Stats., precluded the court from awarding credits against the arrearage.

Mr. Harms appealed the decision to the court of appeals. The appeal was certified to this court for determination and consolidated with three other cases which raised similar legal questions arising under sec. 767.32(1m), Stats. *In re Marriage of Schulz v. Ystad,* 155 Wis. 2d 574, 456 N.W.2d 312 (1990) [hereinafter *Harms I*]. In *Harms I*, we held that sec. 767.32(1m), effective August 1, 1987, applies prospectively, and child support arrearages which accrue pursuant to a judgment entered prior to August 1, 1987, may be modified, reduced, or eliminated in accordance with the law in effect prior to sec. 767.32(1m)'s effective date. *Harms I,* 155 Wis. 2d at 582–83. Accordingly, we vacated the judgment of the circuit court and remanded the case for further proceedings. *Id.* at 606.

On remand, Mr. Harms filed a motion for dismissal of Mrs. Parquet's contempt motion on the ground of equitable estoppel. The trial court ruled that the original 1987 hearing was adequate to determine the issue of estoppel and refused to hear additional evidence. Accordingly, Mr. Harms presented an offer of proof

detailing what he would show if allowed to present evidence on his motion. Based on the facts elicited in the 1987 hearing, the trial court ruled that if Mrs. Parquet was attempting to enforce her own rights, estoppel "would probably apply;" however, because she was attempting to enforce her children's rights, estoppel was inapplicable.

Despite its denial of Mr. Harms' motion, the trial court ruled that Mr. Harms was not in contempt for failure to pay the past due child support. It reasoned that Mr. Harms' failure to pay support was not intentional. Rather, "[h]is failure to pay was based upon an erroneous belief fostered by [Mrs. Parquet] that he did not have to pay." However, the court made it clear that Mr. Harms still owes the past due support and that said amount could be enforced by a civil judgment.

Mr. Harms appealed from the trial court's order. We accepted certification from the court of appeals.

We review the issue presented de novo. "Where the facts are . . . not clearly erroneous, whether they permit application of the doctrine of equitable estoppel is a question of law." *In re Marriage of D.L.J.*, 162 Wis. 2d 420, 429, 469 N.W.2d 877 (Ct. App. 1991). An appellate court decides questions of law without deference to the decision of the trial court. *Ball v. District No. 4, Area Board*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

Decisional law in Wisconsin does not specifically address whether equitable estoppel may bar a custodial parent from claiming or collecting child support arrearages. However, appellate decisions do hold that equitable estoppel is applicable in family law cases. For example, in *Marriage of A.J.N. & J.M.N.*, 141 Wis. 2d 99, 105, 414 N.W.2d 68 (Ct. App. 1987) the court of appeals stated that, "equitable estoppel is available for use in Wisconsin child support proceedings." The court went on to

hold that the doctrine is available to bar a nonbiological parent from denying paternity or child support. *Id.* In addition, *In re Marriage of Nichols v. Nichols,* 162 Wis. 2d 96, 100, 469 N.W.2d 619 (1991) used estoppel to bar a party to a divorce action from seeking to modify a maintenance stipulation that the parties had agreed would be nonmodifiable.

We hold that the extrajudicial agreement between Mr. Harms and Mrs. Parquet is enforceable via the doctrine of equitable estoppel. Equitable estoppel requires a showing of three elements: "(1) [a]ction or inaction which induces, (2) reliance by another, (3) to his [or her] detriment." *Mercado v. Mitchell,* 83 Wis. 2d 17, 26–27, 264 N.W.2d 532 (1978). Mrs. Parquet took two actions. First, she violated the divorce judgment by moving the children to Florida. Second, she sent a certified letter to Mr. Harms telling him that she no longer expected him to pay child support. Mr. Harms relied on these actions. Because of Mrs. Parquet's letter, he discontinued child support payments. Mr. Harms' reliance resulted in personal detriment. He forewent his right to challenge the children's removal from Wisconsin. Said removal inhibited his ability to meaningfully and regularly visit his children, who have now reached the age of majority.

Orders or judgments of support entered on or after August 1, 1987, are subject to sec. 767.32(1m), which "provides that the circuit court may not revise the amount of child support due under an order or judgment for support prior to the date that notice of a petition to revise support is given to the custodial parent." *Harms I,* 155 Wis. 2d at 595.

Mr. Harms raised three additional issues on this appeal. Because we hold for Mr. Harms on the ground of equitable estoppel, we do not reach these other issues.

*By the Court.*—The order of the Walworth county circuit court is reversed.