Michael D. MILAS, Ozaukee County Sheriff, Ozaukee County and Ozaukee County Law Enforcement Committee, Petitioners-Respondents,

v.

The LABOR ASSOCIATION OF WISCONSIN, INC., Respondent,

Michael J. CISZEWSKI, Respondent-Appellant.

The LABOR ASSOCIATION OF WISCONSIN, INC., for and on behalf of the Ozaukee County Law Enforcement Employees, Petitioners,

Michael J. CISZEWSKI, Petitioner-Appellant,

v.

Michael D. MILAS, Ozaukee County Sheriff, Ozaukee County and Ozaukee County Law Enforcement Committee, Respondents-Respondents.

Supreme Court

*No. 96–1197. Oral argument October 8, 1997.—Decided December 2, 1997.*

(On certification from the court of appeals.)

(Also reported in 571 N.W.2d 656.)

1

For the respondent-appellant there were briefs by *Scott L. Schroeder* and *Murphy, Murphy & Schroeder, S.C.*, Racine and *Gordon E. McQuillen* and *Cullen, Weston, Pines & Bach*, Madison and oral argument by *Gordon E. McQuillen* and *Scott L. Schroeder*.

For the petitioners respondent there was a brief by *Roger E. Walsh, William Sosnay* and *Davis & Kuelthau, S.C.*, Milwaukee and oral argument by *William Sosnay*.

Amicus curiae was filed (in the Court of Appeals) by *Richard Thal, Gordon E. McQuillen* and *Cullen, Weston, Pines & Bach*, Madison for the Wisconsin Professional Police Association.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is an appeal by the Labor Association of Wisconsin, Inc., and Michael J. Ciszewski from an order of the circuit court for Ozaukee County, Lawrence F. Waddick, Judge, granting summary judgment to Ozaukee County Sheriff Michael D. Milas, Ozaukee

County, and the Ozaukee County Law Enforcement Committee (collectively referred to as the County). The circuit court's order vacated the decision of an arbitrator relating to a disciplinary dispute involving Michael J. Ciszewski, a deputy sheriff of Ozaukee County.[1] The circuit court concluded that arbitration under the collective bargaining agreement subsequent to a disciplinary decision of the Ozaukee County Law Enforcement Committee was void because the deputy sheriff's sole and exclusive remedy following an adverse decision of the Law Enforcement Committee was review by the circuit court pursuant to the statutory appeal process set forth in Wis. Stat. § 59.21(8)(b)6 (1991–92).[2] The circuit court also concluded that the County had not "waive[d] the statutory process so as to be estopped by their actions." The deputy sheriff appealed to the court of appeals, which certified the appeal to this court. Wis. Stat. § (Rule) 809.61 (1995–96).

¶ 2.   The court of appeals certified two issues. The first issue relates to the validity of the collective bargaining agreement allowing arbitration of a disciplinary matter involving a deputy sheriff. The question is whether the deputy sheriff's sole and exclusive remedy following an adverse decision of the Law Enforcement Committee is review by the circuit court pursuant to Wis. Stat. § 59.21(8)(b)6 (1991–92). Wis-

---

[1] The deputy sheriff filed a petition with the circuit court to confirm the arbitration award. The County sought to have the award set aside.

[2] This section was renumbered as Wis. Stat. § 59.26 (1995–96). *See* 1995 Wis. Act. 201, § 273. Because the wording of Wis. Stat. § 59.26 differs slightly from Wis. Stat. § 59.21, the opinion will refer to Wis. Stat. § 59.21(8)(b)6 (1991–92), which was in existence at all relevant times.

consin Stat. § 59.21(8)(b)6 provides in pertinent part: "The accused may appeal from the order [of the grievance committee] to the circuit court. . . ."[3] The second issue relates to whether the County was estopped in this case from challenging the validity of the arbitration award as contravening Wis. Stat. § 59.21(8)(b)6 (1991–92).[4] We hold that the County is estopped in this case from challenging the validity of the arbitration award as contravening Wis. Stat. § 59.21(8)(b)6 (1991–92). Because we decide this case on estoppel grounds, we need not, and do not, reach the first ques-

---

[3] The court of appeals set forth the first question as follows: "(1) Whether a county ordinance that establishes a 'civil service system' to govern the disciplining of sheriff's deputies, as contemplated in *Brown County Sheriff's Dep't v. Brown County Sheriff's Dep't Non-Supervisory Employees Ass'n*, 194 Wis. 2d 265, 275–76, 533 N.W.2d 766, 770 (1995), takes precedence over an element of a collective bargaining agreement that provides the alternative (and otherwise permissible) opportunity for arbitration of such matters?"

Claiming that Ozaukee County has not enacted any ordinance establishing a "civil service system," the County states the issue as follows: "Whether Wis. Stat. § 59.21(8)(b)6, which provides a procedure for appealing a decision of the grievance committee to the circuit court, is the exclusive appeal procedure, and any different appeal procedure contained in a collective bargaining agreement is thus void and unenforceable."

[4] The court of appeals set forth the second issue as follows: "Whether a county is estopped from trying to enforce an ordinance requiring that a disciplinary dispute proceed only through the 'civil service system' even though the county originally assented to arbitration?"

The County disagrees with this statement of the issue on the ground that Ozaukee County has not enacted any ordinance establishing a "civil service system."

5

tion posed by the court of appeals. Furthermore, the arbitration provision in the collective bargaining agreement at issue in the present case no longer appears in the current collective bargaining agreement. For the reasons set forth, we reverse the order of the circuit court and remand the cause to the circuit court with directions to reinstate the arbitration award.[5]

## I.

¶ 3. The facts are undisputed for purposes of this appeal. In January 1993 Ozaukee County Sheriff Michael D. Milas filed disciplinary charges against deputy sheriff Michael J. Ciszewski, alleging that between the summer of 1991 and fall of 1992, the deputy sheriff had committed five acts of misconduct. The Sheriff suspended the deputy sheriff without pay and recommended to the Law Enforcement Committee that the deputy sheriff be dismissed.[6]

¶ 4. In February 1993 the Law Enforcement Committee reviewed the charges and determined that dismissal of the deputy sheriff was warranted. The deputy sheriff objected to the Law Enforcement Committee's decision and requested arbitration. Although the collective bargaining agreement under which the

---

[5] No challenge to the arbitrator's decision other than on the ground of Wis. Stat. § 59.21(8)(b)6 (1991–92) was presented in the court of appeals or in this court.

[6] Although the deputy sheriff initially elected to appear before the Law Enforcement Committee for hearings on the disciplinary matter, he later decided not to participate in the hearings. Instead the deputy sheriff pursued the disciplinary matter in arbitration as provided for in the collective bargaining agreement between the County and the County Law Enforcement Employees Local 540, AFSCME, AFL-CIO.

deputy sheriff sought arbitration had expired on December 31, 1992, Ozaukee County and the deputy sheriff proceeded with arbitration in adherence to the collective bargaining agreement.

¶ 5. In June 1993 Ozaukee County and the deputy sheriff appeared before the arbitrator for hearings on the disciplinary matter. In March 1994 the arbitrator concluded that Ozaukee County failed to prove three of the five charges against the deputy sheriff. Although the arbitrator concluded that the two proven charges were "extremely serious," he found that the charges did not warrant dismissal of the deputy sheriff due to the deputy sheriff's "extremely difficult" personal problems. The arbitrator modified the Law Enforcement Committee's decision, treating the time following the deputy sheriff's dismissal as unpaid suspension and ordering the deputy sheriff to be returned to work after passing medical and psychological examinations to determine his fitness for duty.

¶ 6. As required by the arbitration award, the deputy sheriff submitted proof of fitness for duty. The Sheriff, however, refused to return the deputy sheriff to work.

¶ 7. In June 1994 the County moved to vacate the arbitration award on summary judgment, claiming that under Wis. Stat. § 59.21(8)(b)6 (1991–92) judicial review by the circuit court was the sole and exclusive means to challenge the Law Enforcement Committee's decision. The deputy sheriff moved to confirm the arbitration award.

¶ 8. In January 1996 the circuit court granted the County's motion for summary judgment and vacated the arbitration award.[7] The deputy sheriff

---

[7] The circuit court based its order on *City of Janesville v. WERC*, 193 Wis. 2d 492, 535 N.W.2d 34 (Ct. App. 1995). In *City*

appealed the circuit court's order to the court of appeals, which certified the case to this court.

## II.

¶ 9.   On appeal from a circuit court order granting summary judgment, this court applies the same methodology used by the circuit court, which is set forth in Wis. Stat. § 802.08(2) (1995–96). *See Jeske v. Mt. Sinai Med. Ctr.*, 183 Wis. 2d 667, 672, 515 N.W.2d 705 (1994). Whether summary judgment should be granted is a question of law.

¶ 10.   When the facts and reasonable inferences therefrom are not disputed, it is a question of law whether equitable estoppel has been established. This court determines questions of law independent of the circuit court, benefiting from its analysis. *See Harms v. Harms*, 174 Wis. 2d 780, 784, 498 N.W.2d 229 (1993).

## III.

¶ 11.   The circuit court concluded that the County had not "waive[d] the statutory appeal process so as to be estopped by their actions." In stating its holding the circuit court used both the words "waiver" and "estoppel."[8] The parties in this case seem to argue both

*of Janesville* the court of appeals concluded that the collective bargaining agreement with the city police department that called for arbitration of certain disciplinary decisions was irreconcilable with Wis. Stat. § 62.13(5) (1995–96). Section 62.13(5) (i) provides that "any person. . .may appeal from the order of the board [of police and fire commissioners] to the circuit court."

[8] "Waiver and estoppel are established doctrines in the field of arbitration." *Manitowoc v. Manitowoc Police Dept.*, 70 Wis. 2d 1006, 1020–21, 236 N.W.2d 231 (1975).

waiver and estoppel but concentrate their legal analyses on waiver.

¶ 12.   While the words "waiver" and "estoppel" are often used interchangeably, they represent distinct but related doctrines. *See Von Uhl v. Trempealeau County Mut. Ins. Co.*, 33 Wis. 2d 32, 37, 146 N.W.2d 516 (1966); *Saverslak v. Davis-Cleaver Produce Co.*, 606 F.2d 208, 213 (7th Cir. 1979).[9]

¶ 13.   This court has defined waiver as the "voluntary and intentional relinquishment of a known right" and has stated that "intent to relinquish [the right] is an essential element of waiver." *Von Uhl*, 33 Wis. 2d at

---

[9] The difficulty in distinguishing waiver and estoppel has been pointed out in several cases.

In *Hanz Trucking, Inc., v. Harris Bros. Co.*, 29 Wis. 2d 254, 266, 138 N.W.2d 238 (1965), the court stated: "While the doctrines of waiver and estoppel lend themselves to separate definitions, because some of the same facts may affect both doctrines, the distinction between the two is sometimes difficult to demonstrate."

*See also Davies v. J.D. Wilson Co.*, 1 Wis. 2d 443, 469, 85 N.W.2d 459 (1957), in which the court quoted 31 C.J.S., *Estoppel*, § 61(b) as follows:

> Waiver and estoppel or estoppel *in pais* are closely related; the line of demarcation between them is said to be very slight, since both partake of somewhat the same elements and ask essentially the same relief; and the terms are frequently and loosely used as convertible, especially where waivers implied, and estoppels arising, from conduct are involved, the dividing line being very shadowy in such cases and it being often a difficult question to determine just where the doctrine of implied waiver ends and that of estoppel begins.

37.[10] The waiver doctrine focuses on the intent of the party against whom waiver is asserted. It is not necessary, however, to prove that the party had an actual intent to waive. *See Attoe v. State Farm Mut. Auto. Ins. Co.*, 36 Wis. 2d 539, 545, 153 N.W.2d 575 (1967). "[T]he intent to waive may be inferred as a matter of law from the conduct of the parties." *Nelson v. Caddo-Texas Oil Lands Co.*, 176 Wis. 327, 329, 186 N.W. 155 (1922).

¶ 14. The parties in this case dispute whether the County made a voluntary and intentional waiver of a known right. The County asserts that it never made a voluntary and intentional waiver of its right to object to the jurisdiction of the arbitrator.[11] The County claims it did not know until three days after the arbitration award was announced that it could object to the arbitrator's jurisdiction pursuant to Wis. Stat. § 59.21(8)(b)6.[12]

---

[10] *See also Nolop v. Spettel*, 267 Wis. 245, 249, 64 N.W.2d 859 (1954); *Mansfield v. Smith*, 88 Wis. 2d 575, 592, 277 N.W.2d 740 (1979).

[11] The County never expressly stated its objection to the arbitrator's jurisdiction on the basis of Wis. Stat. § 59.21(8)(b)6.

The parties agree that the County expressly waived its right to object to arbitration on the ground that the collective bargaining agreement had expired on December 31, 1992. The parties disagree, however, whether statements by the County constitute a waiver by the County of objections to the arbitrator's jurisdiction based on Wis. Stat. § 59.21(8)(b)6.

[12] The County argues that at the time the parties agreed to proceed with arbitration, the County was relying on decisions of the Wisconsin Employment Relations Commission (WERC) upholding arbitration clauses similar to the one in the present case. *See, e.g. City of Janesville*, WERC Dec. No. 27645 (5/7/93); *City of DePere*, WERC Dec. No. 21574 at 18–20; *Dodge County*, WERC Dec. No. 21574 (4/84).

¶ 15. We need not decide whether the County voluntarily and intentionally waived its objection to a known right. For purposes of evaluating the County's argument we accept the County's position that it did not know it might object to arbitration on the basis of Wis. Stat. § 59.21(8)(b)6 when it proceeded with arbitration. The County's knowledge of the right it asserts here to object to the arbitrator's jurisdiction is not, however, determinative of the rights of the parties. As a matter of law, the facts of the case establish equitable estoppel.

¶ 16. The estoppel doctrine, also called equitable estoppel or estoppel *in pais*, focuses on the conduct of the parties.[13] The elements of equitable estoppel are: (1) action or non-action, (2) on the part of one against whom estoppel is asserted, (3) which induces reasonable reliance thereon by the other, either in action or

---

The County concedes that about two weeks before the arbitrator delivered his decision in the present case, the Rock County circuit court, on February 18, 1994, held that an arbitration provision in a collective bargaining agreement between the city and the police union allowing appeal of a grievance committee decision to an arbitrator is illegal. *City of Janesville v. WERC*, Case No. 93-CV–412 (2/18/94). The County asserts, however, that it did not know of the *City of Janesville* circuit court decision until it received a copy of the decision on March 7, 1994, three days after the arbitrator issued the award in the case at bar.

The County claims that it cannot be deemed to have waived its right to object to the arbitrator's jurisdiction because it did not know that it could object to the arbitration on the basis of Wis. Stat. § 59.21(8).

[13] These terms are distinguished from legal estoppel, such as estoppel by deed or estoppel by matter of record. *See* Black's Law Dictionary 551 (6th ed. 1990).

non-action, and (4) which is to his or her detriment. *See Department of Revenue v. Moebius Printing Co.*, 89 Wis. 2d 610, 634, 279 N.W.2d 213 (1979).[14]

¶ 17.   All the elements of equitable estoppel are present in this case. The County's actions that form the basis of estoppel occurred both before and after the County's dispute with the deputy sheriff. Prior to the deputy sheriff's discharge, the County had entered into a collective bargaining agreement that provided arbitration for disciplinary disputes. After being suspended, the deputy sheriff pursued his dismissal grievance through arbitration. Despite the fact that the collective bargaining agreement had expired, the County agreed to arbitration and appeared before the arbitrator.

¶ 18.   The County's full participation in the arbitration process implied a good faith effort to resolve the dispute through arbitration. At no time during the arbitration proceeding, which lasted from June 1993 to March 1994, did the County object to the arbitrator's jurisdiction. The first time the County objected to the arbitrator's jurisdiction was at the circuit court, 17 months after the filing of the disciplinary charges, one year after commencement of the arbitration proceeding and three months after announcement of the arbitration award. In other words, the County made no objection to the arbitrator's jurisdiction until after the arbitrator ruled against the County.

¶ 19.   Relying on the County's failure to object to arbitration and on the County's full participation in the arbitration proceeding, the deputy sheriff pursued his

---

[14] The party asserting equitable estoppel as a defense must prove the elements of estoppel by clear, satisfactory and convincing evidence. *See Gabriel v. Gabriel*, 57 Wis. 2d 424, 428, 204 N.W.2d 494 (1973).

grievance through arbitration. Nothing in the record demonstrates that the deputy sheriff's reliance on the County's conduct was unreasonable. Based on the record, we conclude that the deputy sheriff had no reason to doubt the arbitration would result in a binding decision and award.

¶ 20. The final element of equitable estoppel is whether the party against whom estoppel is asserted caused another party to change position to his or her detriment. In the context of a claim of equitable estoppel, "detriment" has been equated with "prejudice," and commonly understood to mean "injury or damage." *City of Madison v. Lange*, 140 Wis. 2d 1, 7, 408 N.W.2d 763 (Ct. App. 1987).

¶ 21. The County's actions caused the deputy sheriff to invest time and resources in the arbitration proceeding.[15] Had he known the County would object to the arbitrator's jurisdiction, the deputy sheriff might have sought review of the Law Enforcement Committee's decision in circuit court. Now, more than four years after the dispute arose, the County is asking that the deputy sheriff recommence his dismissal grievance, this time in the circuit court.

¶ 22. Because the elements of the defense of equitable estoppel have been met in the present case, we

---

[15] *See Pilgrim Inv. Corp. v. Reed*, 156 Wis. 2d 677, 685–86, 457 N.W.2d 544 (1990) (Ct. App. 1990) (partial participation in the arbitration process can serve to estop a party from challenging the arbitration agreement); *Twomey v. Durkee*, 291 N.W.2d 696, 698 (Minn. 1980) (participation in arbitration proceeding by county and sheriff estopped their later asserting that they had no contractual obligation to arbitrate); *Simon-Equity Jefferson Valley Partnership v. AJC Contractors, Inc.*, 507 N.Y.S.2d 725, 726 (N.Y. App. Div. 1986) (lessor's participation in arbitration barred lessor from obtaining stay of arbitration).

must next consider whether the defense of estoppel should be applied against the County. The doctrine of equitable estoppel "is not applied as freely against governmental agencies as it is in the case of private persons." *Libby, McNeill & Libby v. Department of Taxation*, 260 Wis. 551, 559, 51 N.W.2d 796 (1952). Courts have recognized "the force of the proposition that estoppel should be applied against the Government with utmost caution and restraint, for it is not a happy occasion when the Government's hands, performing duties in behalf of the public, are tied by the acts and conduct of particular officials in their relations with particular individuals." *Schuster v. Commissioner of Internal Revenue*, 312 F.2d 311, 317 (9th Cir. 1962).[16]

¶ 23.   Nevertheless, we have recognized that estoppel may be available as a defense against the government if the government's conduct would work a serious injustice and if the public interest would not be unduly harmed by the application of estoppel. *See Moebius Printing Co.*, 89 Wis. 2d at 638. In each case the court must balance the public interests at stake if estoppel is applied against the injustice that might be

---

[16] For instance, we have not allowed the estoppel doctrine to be invoked against the government when the application of estoppel interferes with the police power for the protection of public health, safety or general welfare. *See Department of Revenue v. Moebius Printing Co.*, 89 Wis. 2d 610, 639, 279 N.W.2d 213 (1979) (citing *State v. Chippewa Cable Co.*, 21 Wis. 2d 598, 608–09, 124 N.W.2d 616 (1963); *Park Bldg. Corp. v. Industrial Comm'n*, 9 Wis. 2d 78, 87, 88, 100 N.W.2d 571 (1960); *Town of Richmond v. Murdock*, 70 Wis. 2d 642, 653–54, 235 N.W.2d 497 (1975); *McKenna v. State Highway Comm'n*, 28 Wis. 2d 179, 186, 135 N.W.2d 827 (1965); *Milwaukee v. Milwaukee Amusement, Inc.*, 22 Wis. 2d 240, 252–53, 125 N.W.2d 625 (1964)).

caused if it is not. *See Moebius Printing Co.*, 89 Wis. 2d at 639; *State v. City of Green Bay*, 96 Wis. 2d 195, 210, 291 N.W.2d 508 (1980).[17]

¶ 24. In this case principles of justice demand that the County be prevented from forcing the deputy sheriff to begin the grievance proceeding again. It is unjust to allow the County to agree to arbitrate a disciplinary dispute and then, when the decision is adverse, to allow the County to question the arbitrator's jurisdiction over the dispute. Permitting the County to question the arbitrator's jurisdiction after it has fully participated in the arbitration proceeding would give the County "two bites at the apple, arbitration and litigation, to obtain a favorable outcome." *United Indus. Workers, Serv., Transp., Prof'l Gov't of North Am. v. Government of the Virgin Islands*, 987 F.2d 162, 169 (3rd Cir. 1993).

¶ 25. Applying the doctrine of estoppel in this case prevents a serious injustice to the deputy sheriff and produces no undue harm to the public interest. Although the County argues that the legislature has provided for judicial review by the circuit court rather than arbitration, it makes no showing that any public interests would be impaired if the estoppel doctrine were applied in this case. The County does not assert that the arbitration proceeding was in any way unfair to the County or contrary to the public interest. We conclude that our decision in favor of the deputy sheriff in this case would not unduly harm the public interest even if the County's interpretation of Wis. Stat. § 59.21(8)(b)6 were to be adopted by this court.

---

[17] These cases use the words "serious injustice," "injustice," "unconscionable," "inequitable" and "unfair" interchangeably.

¶ 26. Accordingly, we conclude on the basis of the undisputed facts in the case and the reasonable inferences therefrom that the County is estopped from challenging the validity of the arbitration award as contravening Wis. Stat. § 59.21(8)(b)6 (1991–92). The circuit court order vacating the arbitration award is reversed, and the cause is remanded to the circuit court with directions to reinstate the arbitration award.

*By the Court.*—The decision of the circuit court is reversed, and the cause is remanded.