# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2020AP92

Complete Title of Case:

**1033 NORTH 7TH STREET, A CALIFORNIA CORPORATION,**

    **PLAINTIFF-APPELLANT,**

  **V.**

**CITY OF FOND DU LAC AND DOUG HOERTH, CITY OF FOND DU LAC BUILDING INSPECTOR,**

    **DEFENDANTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | May 5, 2021 |
| Submitted on Briefs: | February 11, 2021 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Gundrum, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kimberly Penix* of *Alderman Law Firm*, Fort Collins, CO. |
| Respondent<br>ATTORNEYS: | On behalf of the defendants-respondent, the cause was submitted on the brief of *Remzy D. Bitar* and *Anthony J. Garcia* of *Municipal Law & Litigation Group, S.C.*, Waukesha. |

COURT OF APPEALS
DECISION
DATED AND FILED

May 5, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. 2020AP92

STATE OF WISCONSIN

Cir. Ct. No. 2018CV374

IN COURT OF APPEALS

---

1033 NORTH 7TH STREET, A CALIFORNIA CORPORATION,

PLAINTIFF-APPELLANT,

V.

CITY OF FOND DU LAC AND DOUG HOERTH, CITY OF FOND DU LAC BUILDING INSPECTOR,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Fond du Lac County: ROBERT J. WIRTZ, Judge. *Reversed and cause remanded.*

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶1 NEUBAUER, C.J. 1033 North 7th Street (the corporation) appeals from an order granting the City of Fond du Lac (the City) and its building inspector Doug Hoerth's motion to dismiss the corporation's complaint as untimely. The

complaint, filed in September 2018, requested declaratory relief stating that a raze or repair order the City[1] issued to the corporation in 2015 was no longer in effect.[2] The order was issued by the City under WIS. STAT. § 66.0413 (2019-20).[3] The corporation alleged that it relied on Hoerth's assurances that the order had been satisfied by repairs and there was no deadline to complete the remaining repairs. The City argues, and the circuit court found, that as a matter of law, the corporation's claim was barred by its failure to pursue the statute's exclusive remedy under subsection (1)(h), which has a thirty-day statute of limitations to challenge the order. The corporation contends that the circuit court erred in its interpretation of § 66.0413(1)(h). We agree. The exclusive remedy provision of § 66.0413(1)(h) applies only to claims premised on the reasonableness of the order to raze. It does not apply to this challenge, which is based on acts occurring during the subsequent repairs required under the order. We reverse the order of dismissal and remand for further proceedings.

## BACKGROUND

¶2 The following facts are taken from the complaint filed by the corporation in this action and the exhibits accompanying the complaint.[4]

---

[1] We at times refer to the City and Hoerth collectively as the City, given that their interests are aligned for purposes of this appeal.

[2] The corporation also sought a permanent injunction to prevent the City from razing the historic building. Prior to the hearing on the motion to dismiss, the circuit court took limited testimony at a separate hearing and granted continuation of a temporary restraining order pending this litigation, which remains in place.

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[4] *See* **Soderlund v. Zibolski**, 2016 WI App 6, ¶¶37-38, 366 Wis. 2d 579, 874 N.W.2d 561 (holding that documents referenced by pleadings may be considered in a motion to dismiss).

¶3      The corporation is the owner of the land and structures located at 101 East Division Street in Fond du Lac, Wisconsin, which is known locally by several other names, including the Convent of the Sisters of the Holy Nativity (the convent). It is a designated state and local historical building.

¶4      In June 2015, the convent was vandalized and partially set on fire. Citing the resulting fire damage, Hoerth issued a raze or repair order in September 2015, which was served in October. Hoerth's order gave the corporation ninety days to make the repairs specified in the order necessary to avoid razing the convent.[5] The order notified the corporation that, if it failed to comply within the time prescribed by the order, the building would be razed and removed. The order

---

[5] The 2015 order reads, in pertinent part, as follows:

> THEREFORE, YOU ARE HEREBY ORDERED to make specific repairs to the building to make the building safe and sanitary or to raze the building (meaning to demolish and remove the building and to restore the site to a dust-free and erosion-free condition) within ninety (90) days from the date of service of this order upon you. The specific repairs required to make the commercial building safe and sanitary are enumerated on the attached Exhibit A.

> YOU ARE FURTHER NOTIFIED that this order is served upon you pursuant to the terms and provision of Section 66.0413 of the Wisconsin Statutes. If you shall fail or refuse to comply within the time prescribed in this order, the commercial building shall be razed and removed and the site restored to a dust-free and erosion-free condition by the City of Fond du Lac, Wisconsin, or its agents or contractors, and the cost of such razing, removal and restoration of the site to a dust-free and erosion-free condition shall be charged against the property, shall be a lien thereon, and may be assessed and collected as a special tax.

> YOU ARE FURTHER NOTIFIED that pursuant to Sections 66.0413(1)(h) and 893.76 of the Wisconsin Statutes, you must make application to the circuit court within thirty (30) days of service of this order if you wish to contest this order.

also advised that the corporation had thirty days to contest the order in a court action under WIS. STAT. §§ 66.0413(1)(h) and 893.76.

¶5 The corporation chose the option provided in the raze or repair order of repairing the convent. The corporation hired Saul Marroquin, a general contractor specializing in historic properties, to supervise the repairs. In November 2015, Marroquin met with Hoerth to discuss the required repairs, and then supervised the restoration of the roof, electrical service, and plumbing. The work discussed by the corporation and Hoerth was completed in 2015. Hoerth approved the repairs, which totaled over $150,000, after they were completed.

¶6 After Hoerth inspected the repairs to that point, he advised Marroquin and the corporation that, because the building was dry and sealed, there was no rush to complete remaining cosmetic repairs. As Marroquin understood things, after Hoerth indicated his approval of the repairs done up to that point, "[n]o further timeline was set or demanded by [Hoerth] at that time."

¶7 Based on Hoerth's representation that the essential repairs were approved, no further immediate work was necessary, and there was no deadline to complete the restoration, the corporation believed that the raze or repair order was satisfied, the remaining cosmetic repairs were not subject to any time line, and the convent was no longer subject to the 2015 order or in danger of being razed by the City.

¶8 Between November 2015 and November 2016, neither Hoerth nor any other representative from the City suggested to the corporation or Marroquin that any further repair was necessary to satisfy the raze or repair order. Nor did the City make any attempt to move forward with the order. The corporation therefore paused

restoration efforts to focus on raising money for final restorations and never attempted to challenge the order.

¶9      In November 2016, Hoerth created and filed an "Endorsement on Special Inspections Warrant," certifying sixteen items that he believed needed to be repaired. Those sixteen items were different from the repairs set forth in the exhibit attached to the September 2015 raze or repair order. Neither the warrant, the endorsement, nor the cover letter accompanying the documents contained any time deadline within which the new list of repairs had to be completed to avoid razing the convent.

¶10      Sometime after April 2017, the City, at the recommendation of its development director, accepted a bid to raze the convent pursuant to the 2015 order. The corporation filed the current action shortly after it realized the City's intentions to go forward with the razing.[6] The City filed a motion to dismiss, primarily on the ground that the corporation's challenge to the raze or repair order was untimely as a matter of law.

¶11      The City also subsequently filed an Answer and Affirmative Defenses denying, as it pertains to this appeal, the allegations regarding Hoerth's representations that the repairs were sufficient for the time being and that there was no deadline to complete the remaining repairs. The City pled the corporation's failure to meet the statute of limitations as one of its affirmative defenses.

¶12      The circuit court granted the City's motion to dismiss, ruling that WIS. STAT. § 66.0413(1)(h) provides the corporation's exclusive remedy and requires that a challenge to a raze or repair order be made within the thirty-day statute of

---

[6]  The complaint seeking declaratory and injunctive relief does not include a jury demand.

limitations under WIS. STAT. § 893.76. The court did not address whether the facts alleged in the complaint supported the corporation's contention that the City was equitably estopped from enforcing the order.[7] The corporation appeals.

## DISCUSSION

*Standards of Review*

¶13 The corporation argues that the circuit court incorrectly interpreted WIS. STAT. § 66.0413 to bar this action. It contends that the exclusive remedy provision in that subsection relates only to challenging the reasonableness of the order to raze or repair and not to claims arising from acts that occur while carrying out repairs under the order—specifically, an assurance that the order was satisfied and no longer in effect. We are therefore presented with an issue of statutory interpretation, a question of law, which we review de novo. *See Smith v. Williams*, 2001 WI App 285, ¶8, 249 Wis. 2d 419, 638 N.W.2d 635.

¶14 "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted). "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review." *Id.*, ¶17. When we review a circuit court's ruling on a motion to dismiss, "we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Id.*, ¶19. In order to withstand a motion to

---

[7] The corporation argues that the circuit court improperly converted the motion to dismiss to a motion for summary judgment by considering items outside of the pleadings without providing it an opportunity to be meaningfully heard. The City contends that the matter was submitted and decided as a motion to dismiss. Our review shows that the circuit court dismissed the action as a matter of law based on the pleadings and materials attached thereto, as discussed herein. Neither party moved for summary judgment or seeks review of the circuit court's decision as one deciding summary judgment; as such, we review this appeal under the framework of a motion to dismiss.

dismiss for failure to state a claim, "a complaint must plead facts, which if true, would entitle the plaintiff to relief." *Id.*, ¶21.

*WISCONSIN STAT. § 66.0413(1)(h) Does Not Bar Claims Arising From Acts Related to Carrying Out the Raze or Repair Order*

¶15　The raze or repair order at issue here was entered by the City pursuant to its authority under WIS. STAT. § 66.0413. The order references three applicable provisions. First, § 66.0413(1)(b)1. provides, in pertinent part, that

> [t]he governing body, building inspector or other designated officer of a municipality may:
>
> **1.** If a building is old, dilapidated or out of repair and consequently dangerous, unsafe, unsanitary or otherwise unfit for human habitation and unreasonable to repair, order the owner of the building to raze the building or, if the building can be made safe by reasonable repairs, order the owner to either make the building safe and sanitary or to raze the building, at the owner's option.

Section 66.0413(1)(f) provides:

> *Failure to comply with order; razing building*. An order under par[a]. (b) shall specify the time within which the owner of the building is required to comply with the order and shall specify repairs, if any. If the owner fails or refuses to comply within the time prescribed, the building inspector or other designated officer may proceed to raze the building ....

While not mentioned in the order, or by the parties, § 66.0413(1)(g) provides that "[a] municipality ... may commence and prosecute an action in circuit court for an order of the court requiring the owner to comply with an order to raze a building issued under this subsection if the owner fails or refuses to do so within the time prescribed in the order."

The order further referenced § 66.0413(1)(h):

> *A person affected by an order issued under par[a]. (b) may within the time provided by [WIS. STAT. §] 893.76 apply to the circuit court for an order restraining the building inspector or other designated officer from razing the building or forever be barred.* The hearing shall be held within 20 days and shall be given preference. The court shall determine whether the raze order is reasonable. If the order is found reasonable the court shall dissolve the restraining order. If the order is found not reasonable the court shall continue the restraining order or modify it as the circumstances require.... *The remedies provided in this paragraph are exclusive remedies and anyone affected by an order issued under par[a]. (b) is not entitled to recover any damages for the razing of the building.*

*Id.* (emphasis added). The time limit for challenging the raze or repair order under § 66.0413(1)(h) is set forth in WIS. STAT. § 893.76, which is thirty days.

¶16   The corporation argues the exclusive remedy set forth in WIS. STAT. § 66.0413(1)(h) does not preclude its claim that, after it undertook the required repairs, the City's assurances that the order's deadlines were no longer applicable could equitably estop the City from moving forward to raze the convent under the order. The corporation further contends that the allegations of the complaint stated a claim for relief: that it relied to its detriment on Hoerth's assurances that the order had been satisfied. We agree.

¶17   The statutory analysis set forth in *Smith*, 249 Wis. 2d 419, compels our conclusion.

¶18   In that case, a property owner asserted tort claims against the city, city inspector, and a contractor arising from acts that occurred during the razing, challenged the reasonableness of the raze costs, and sought credit for removal of salvage from the site. *Id.*, ¶¶1-4. The defendants argued that the plaintiff's exclusive remedy was to challenge the raze order within the prescribed thirty-day

time limit and the circuit court agreed, dismissing the claims as a matter of law. *Id.*, ¶¶5-6.

¶19    We reversed. We found that the language of WIS. STAT. § 66.05(3)[8] provides a procedure for obtaining court review of the reasonableness of the raze order, and that it is the "only issue" the court is to determine. *Smith*, 249 Wis. 2d 419, ¶12. The only relief available is a restraining order against razing the building. *Id.*

¶20    However, while the plain language of WIS. STAT. § 66.05(3) barred damages for the razing of a building carried out pursuant to an unchallenged raze order, we saw "nothing in the language of § 66.05(3), nor any other subsection, that indicates a legislative intent to bar claims for torts committed in the carrying out of the order." *Smith*, 249 Wis. 2d 419, ¶¶12, 15.

¶21    We reasoned that "[s]ince the only issue the court may decide in a proceeding under WIS. STAT. § 66.05(3) is whether the raze order is reasonable, and since the court decides this issue before the razing and removal of the building occurs, it is not possible—either as a matter of statutory construction or a matter of logic—for a court in that proceeding to review the claims that [the property owner] asserts in this action." *Smith*, 249 Wis. 2d 419, ¶13. Moreover, because the property owner was not challenging the reasonableness of the order, no purpose would have been served by pursuing a restraining order. *Id.*, ¶14.

---

[8] The raze or repair order statute in effect in *Smith v. Williams*, 2001 WI App 285, 249 Wis. 2d 419, 638 N.W.2d 635, was numbered as WIS. STAT. § 66.05 (1997-98). The statute was renumbered to WIS. STAT. § 66.0413 and repealed in part effective January 1, 2001. However, neither of the parties point to any difference that matters to our analysis between the statutory language at issue in *Smith* and other pre-2001 cases cited by the parties and that at issue in this appeal.

¶22 Our application of this analysis to the other specific claims at issue aptly illustrated the point. We noted that the amount of the lien for the costs of carrying out the raze order was not addressed in WIS. STAT. § 66.05(3), and during the first thirty days, it was unknown whether there would be a lien, much less what the cost of the razing and removing would be. *Smith*, 249 Wis. 2d 419, ¶24. There would be little point in challenging the reasonableness or seeking a restraining order. The same held true for the salvage costs. *Id.*, ¶¶26-27. Indeed, we noted that another provision specifically addressed the costs of carrying out the raze order and salvage, § 66.05(2)(a), and nothing in that provision suggested that a preemptive thirty-day challenge, which undoubtedly would be fruitless, was required. *Id.* We found it was unreasonable to construe the exclusive remedy provision of § 66.05(3) as applicable to these claims, and found no support for so holding in all of § 66.05. *Smith*, 249 Wis. 2d 419, ¶¶24, 27.

¶23 Thus, we held that the exclusive remedy provision of what has been renumbered to WIS. STAT. § 66.0413(1)(h) applies only to claims premised on the reasonableness of the order to raze. *Smith*, 249 Wis. 2d 419, ¶1. "[N]othing in the language of § 66.05(3)," bars any claims of any nature arising from acts related to "the carrying out of the order." *Smith*, 249 Wis. 2d 419, ¶15;[9] *see also **Gehr v. City***

---

[9] ***Smith*** also considered and distinguished the primary case the City relies on here, as well as numerous others, as involving a challenge to the reasonableness of the order, rather than a challenge to the implementation of the order. *See id.*, ¶16 & n.8 ("However, in each of these cases the property owner was challenging *the reasonableness of the raze order*, and … whether the person affected by the raze order had timely and properly challenged its reasonableness .... These cases do not aid in resolving the issue before us on this appeal." (emphasis added; footnote omitted)), *citing **Mohr v. City of Milwaukee***, 101 Wis. 2d 670, 677-79, 305 N.W.2d 174 (Ct. App. 1981), *rev'd on other grounds*, 106 Wis. 2d 80, 88, 315 N.W.2d 504 (1982). We further noted that the supreme court reversed our decision in ***Mohr*** (upon which the City now relies), as the City of Milwaukee conceded error in our holding that the exclusive remedy of WIS. STAT. § 66.05(3) would preempt a contempt challenge to a razing based on violation of a bankruptcy court's

*of Sheboygan*, 81 Wis. 2d 117, 125-28, 260 N.W.2d 30 (1977) (court considered whether raze order had lapsed and whether the city would be estopped from enforcing the order rather than applying § 66.05(3) to preclude claims).

¶24 Here, the corporation is not challenging the reasonableness of the raze or repair order. We are bound by *Smith*'s holding. As a matter of statutory construction and logic, there was no basis for the corporation to file an immediate challenge within thirty days, nor a purpose to pursue a restraining order, as the facts at issue—the subsequent repairs that were undertaken and the City's assurances—had not yet occurred, and a court hearing at that juncture would have been pointless.[10]

¶25 Notably, neither party addresses WIS. STAT. § 66.0413(1)(f), which was identified in the City's order, or paragraph (g), both of which specifically address the owner's failure to comply with the order specifying the repairs required under the time provided—in this case, ninety days. As did the separate statutory provision relating to the costs of razing and salvage discussed in *Smith*, subsection (1)(f) directly addresses the separate avenue provided to the property owner—repair—and subsection (1)(g) specifically provides the City with the ability to seek a court order when a property owner fails to comply with the order within the time prescribed.

¶26 In short, when the property owner is provided ninety days to effect identified repairs, and the City is authorized to seek a court order to address

---

injunction. *Smith*, 249 Wis. 2d 419, ¶16 n.8; *Mohr*, 106 Wis. 2d at 88, 90. Again, this decision underscores the limited application of the exclusive remedy, as it did not apply there to the City's acts that occurred in carrying out the order.

[10] WISCONSIN STAT. § 66.0413(1)(h) requires a challenge to the reasonableness of the order be heard within twenty days.

noncompliance, it would be unreasonable to apply subsection (1)(h)'s limited challenge to the order's reasonableness to the acts occurring during the subsequent repairs at issue.

¶27    Consequently, we also reject as inapplicable the City's contention that the corporation could not have reasonably relied[11] on assurances from Hoerth because the statute made clear that the thirty-day time frame to challenge the order was the corporation's exclusive remedy.  The exclusive thirty-day remedy of WIS. STAT. § 66.0413(1)(h) does not bar the corporation's defense of equitable estoppel based on the City's implementation of the order.[12]  The complaint sufficiently

[11]  "The estoppel doctrine, also called equitable estoppel or estoppel in pais, focuses on the conduct of the parties." *Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 11, 571 N.W.2d 656 (1997).  "The elements of equitable estoppel are:  (1) action or non-action, (2) on the part of one against whom estoppel is asserted, (3) which induces reasonable reliance thereon by the other, either in action or non-action, and (4) which is to his or her detriment." *Id.* at 11-12.  Although our supreme court noted in *Milas* that courts should apply the doctrine of equitable estoppel with caution against government bodies, "we have recognized that estoppel may be available as a defense against the government if the government's conduct would work a serious injustice and if the public interest would not be unduly harmed by the application of estoppel." *See id.* at 14; *see also Oliveira v. City of Milwaukee*, 2001 WI 27, ¶20, 242 Wis. 2d 1, 624 N.W.2d 117 (equitable estoppel available where plaintiff reasonably relied on city's conduct in missing statute of limitations/notice of claim deadline); *Policemen's Annuity & Benefit Fund v. City of Milwaukee*, 2001 WI App 144, ¶18, 246 Wis. 2d 196, 630 N.W.2d 236 (explaining that "[t]he test as to whether a party should be estopped … is 'whether the conduct and representations of [the defendant] were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing [the] actions.'") (citation omitted; alterations in original); *Fritsch v. St. Croix Cent. Sch. Dist.*, 183 Wis. 2d 336, 344-46, 515 N.W.2d 328 (Ct. App. 1994) (equitable estoppel available where plaintiff reasonably relied on district's conduct in missing notice of claim deadline).

[12]  We find the City's argument based on *Grams v. Melrose-Mindoro Joint School District No. 1*, 78 Wis. 2d 569, 254 N.W.2d 730 (1977), to be equally unpersuasive.  That case did not involve a raze or repair order or interpretation of the statute at issue here, and, as the corporation observes in its reply brief, our supreme court held in that case that the plaintiff's reliance on an "alleged ... misstatement of law" was not reasonable. *Id.* at 580.  In the current case, we have no allegations that the corporation relied on a misstatement of law by the City; rather, the representations allegedly made here were of the type that could be reasonably relied on by the corporation in believing that it was not subject to any additional deadlines by the City.

alleged the corporation's assertions that the property owner was assured by the municipality that the property was safe from being razed and under no deadline to complete repairs, and the property owner relied on those representations to its detriment.[13]

## CONCLUSION

¶28     We conclude that the circuit court erred in granting the City's motion to dismiss based on the corporation's failure to file its complaint within thirty days of the issuance of the raze or repair order.  The exclusive remedy provision of WIS. STAT. § 66.0413(1)(h) applies only to claims premised on the reasonableness of the order to raze.  It does not apply to this challenge based on acts occurring during the subsequent repairs required under the order.  The corporation is not precluded from asserting that the City is estopped from enforcing the raze or repair order.[14]  We therefore reverse and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court*.—Order reversed and cause remanded.

---

[13] The City addresses in its brief on appeal only the "reasonable reliance" element of the corporation's equitable estoppel defense advanced in the corporation's principal brief, thereby conceding that the corporation's allegations were sufficient to establish the other three elements of its estoppel claim.  *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979) (holding that a party's failure to refute an argument constitutes a concession).

[14] Given our holding, we need not address the other issues addressed by the parties.  *See Lake Delavan Prop. Co. v. City of Delavan*, 2014 WI App 35, ¶14, 353 Wis. 2d 173, 844 N.W.2d 632 (when one issue is dispositive on appeal, we need not address other issues).